Chipman *v.* Bowman.

## CHIPMAN *v.* BOWMAN *et al.*

THE late Superior Court of San Francisco was a municipal and inferior Court, but its character, as such, depended on the subjects of its jurisdiction, and its relation to other tribunals, and not upon the form of its process, or the counties to which it might be issued.

That Court had power to send a summons for service out of the city of San Francisco.

*Hickman* v. *O'Neal*, (10 Cal. 292,) affirmed.

If a judgment by default be void, because entered by the Clerk without authority, that fact constitutes no ground for equity to interfere.

The Court in which a void judgment is rendered, can, on motion, at any time, arrest all process issued by its Clerk thereon.

APPEAL from the Fourth District.

*S. M. Bowman*, for Appellant.

*W. W. Chipman*, for Respondent, cited *Meyer* v. *Kalkman*, (6 Cal. 590.)

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

This is a suit in equity to set aside a judgment recovered in the late Superior Court of the city of San Francisco.   The claim for relief rests upon the alleged nullity of the judgment, for the want of jurisdiction over the person of the complainant.   At the

time the action in the Superior Court was commenced, the complainant was a resident of Alameda County, and the summons was served upon him in that county; and the point is made, and sustained by the District Court, that the Superior Court was not authorized to send its original process beyond the limits of the city of San Francisco. This ruling was confessedly based upon the case of *Meyer* v. *Kalkman*, (6 Cal. 590,) and was made previous to the decision of *Hickman* v. *O'Neal*, (10 Cal. 294.)

It is true, as stated in *Meyer* v. *Kalkman*, that the Superior Court was a Municipal Court, and possessed only an inferior and limited jurisdiction, but the conclusion is not warranted that the Legislature could not authorize its process to run beyond the territorial limits for which the Court was especially created. Its character as a municipal and inferior Court, depended upon the subjects of its jurisdiction and its relation to other tribunals, and not upon the form of its process or the counties to which it might be issued. In *Hickman* v. *O'Neal*, the question determined related to the authority of the Court to issue its final process beyond the city; but the statute makes no distinction between the two kinds of process, and we are unable to perceive any constitutional inhibition to the granting of the authority in the one case, which does not exist equally in the other.

The decree is reversed, with directions to the Court below to dismiss the suit.

On petition for rehearing, the following opinion was delivered by FIELD, C. J.—COPE, J. concurring:

In the brief filed by the Appellant in this case, the objection was taken that the judgment in the late Superior Court of the city of San Francisco, was void, for want of jurisdiction over the person of the complainant—service of the summons having been made upon him in the county of Alameda. The Appellant now asks for a rehearing, alleging that the judgment was void on the further ground that the Clerk was not authorized under the statute, according to the decision of this Court in *Stearns* v. *Aguirre et al.* (7 Cal. 443,) to enter judgment by default. If this last ground be tenable, there can be no necessity for the interference of a Court of Equity to restrain the enforcement of the execution. The District Court, to which the cases in the Superior Court

were transferred by statute, can arrest at any time, on motion, all process issued by its Clerk on judgments which, for any reason, are void. (See *Imlay* v. *Carpentier*, decided at the present term.)

Rehearing denied.

(See *Logan* v. *Hillegrass et al.* October Term, 1860.)