## LOGAN *v.* HILLEGASS *et al.*

IF, as contended in this case, a judgment by default be void, because of the absence of the seal of the District Court to the summons issued in the action in which the judgment was entered, or because of a defect in the certificate of the Sheriff of the service of summons and copy of complaint, or because of irregularities of the Clerk in entering the judgment, the District Court can quash the execution issued on such judgment, and injunction to restrain the enforcement thereof does not lie.

If such judgment be not void, but merely irregular, because of the defects named, and the defects can be reached by motion before judgment, or on appeal, then the complaint here to enjoin the enforcement of the judgment, should aver that plaintiff has paid the claim for the recovery of which the action was brought, or that he has a valid defense to the same.

APPEAL from the Seventh District.

The complaint, in substance, avers that defendant obtained judgment against plaintiff by default, without personal or other service of the

summons and complaint; that no seal of Court is affixed to the summons, and that the Sheriff's return on the summons is: " I have executed the writ, by leaving with the within named defendant, Henry C. Logan, a copy of summons, with a certified copy of complaint." Upon these averments, the complaint assumes the judgment to be void, and asks that it be annulled, and that, in the meantime, defendants be enjoined from enforcing it.

Defendants demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. Demurrer sustained, and judgment for defendants.

Plaintiff appeals.

*D. W. Perley,* for Appellant.

I. The summons being without a seal, was void, and could not support a judgment by default. (Act 1851, 28, sec. 124, 126, 129; Pr. Act, sec. 23; 1 Richard. 188; 3 S. & M. 98; 2 Pike, 131; 3 Fairf. 196; 1 Scam. 238; Id. 250; Id. 395; 2 Cal. 241; 5 Id. 449; 6 McLean, 1; 27 Ala. 391; 3 Ohio, N. S. 494; 7 Cal. 54; 8 Id. 562; 11 Id. 373.)

II. The service of a void writ does not render it valid, or give the Court jurisdiction. (2 Dev. 279; 4 Id. 95.)

III. The service was defective. The language of the return is:— " Leaving with the defendant certified copy, etc." This is ambiguous. The Practice Act, sec. 29, requires service by "delivering" the copy, etc. (1 Harr. 353; 5 How. Miss. 661; 1 S. & M. 515; 1 Pike, 50; Id. 386; 1 Harr. 23; 2 Penn. 527; 4 Rand. 189; 2 Cal. 241; 5 Id. 459; 1 How. Miss. 106; 3 Id. 39; 2 Scam. 239, 365; 1 Eng. Ark. 382; 2 Id. 44; 4 Id. 20.)

IV. Bill in equity for an injunction, etc., lies. *Gregory* v. *Ford,* 14 Cal. 138; *Gibbons* v. *Scott,* 15 Id. 284, do not conflict with this view.

In these cases, the writ was not void, but mere irregularity in the service was set up. Besides, a valid and subsisting debt was admitted; while here there is no such admission.

*George Cadwalader,* for Respondent.

The appellant makes no attempt to impeach the general justice of the claim on which the judgment was rendered, and thereby admits it; nor does he show a willingness to do equity. (*Gregory* v. *Ford,* 14 Cal. 138; *Chipman* v. *Bowman,* 14 Id. 157; *Gibbons* v. *Scott,* 15 Id. 284.)

14

Tomlinson *v.* Rubio.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

The plaintiff seeks to enjoin the enforcement of a judgment rendered against him by default in June, 1855, and bases his claim to the relief upon the absence of the seal of the District Court to the summons issued in the action in which the judgment was entered, the alleged defective certificate of the Sheriff of the service of the summons and copy of the complaint, and irregularities of the Clerk in entering the judgment. If, for any of these reasons, the judgment be absolutely void, as contended by counsel, the appellant has a perfect remedy, by application to the District Court to quash the execution. That Court can, at any time, arrest all process issued by its Clerk on judgments which are void. If the judgment in question be not absolutely void, and the defects alleged be mere irregularities, to be reached by motion before judgment, or on appeal, the complaint is insufficient. It does not aver that the plaintiff has ever paid the claim for the recovery of which the action was brought, or that he has any valid defense to the same. (See *Chipman* v. *Bowman* and *Gregory* v. *Ford,* decided at the October term, 1859, and *Gibbons* v. *Scott et al.,* decided at the January term, 1860.)

Judgment affirmed.