## JAS. BELL *et al.*, Executors, *v.* ALEX. THOMPSON.

In this State, no motion can be entertained by a District Court to set aside a judgment on any ground, including that of want of jurisdiction over the person of defendant in the action in which the judgment was entered, after the expiration of the term in which it was entered, unless the jurisdiction of the Court is saved by some motion or proceeding at the time, except in the case provided for by the sixty-eighth section of the Practice Act.

Cases cited.

Appeal from the Twelfth District.

The suit in which the judgment sought to be set aside was rendered, was brought by plaintiffs, as executors of one McKenzie, deceased, against Thompson as surviving partner of the firm of McKenzie, Thompson & Co., for an account of the affairs of the firm, which Thompson was alleged to have wound up, and for a judgment for a balance claimed. Thompson being a nonresident of the State, summons was served by publication. After the publication was complete, the case was sent to a referee to state an account, and on his report judgment was rendered for plaintiffs in the sum of $20,944.83. The main grounds relied on as showing that the judgment is void, or at least voidable, are: 1st, that the affidavit to procure the order of publication does not state the facts required by the statute, but only conclusions of law; 2d, that the affidavit to prove publication was made by a party styling himself

" proprietor and clerk " of the paper ; 3d, that the copy of complaint and summons was not deposited in the post office until six days after the order of publication ; 4th, that the complaint does not state facts sufficient to constitute a cause of action.

Further facts appear in the opinion of the Court.    Defendant appeals.

*C. A. Johnson*, for Appellant, cited Practice Act, secs. 30, 31, 33, 35, 45 ; *Evertson* v. *Thomas*, 5 How. 45 ; 3 Id. 109 ; 12 Cal. 100 ; 9 Id. 616 ; Id. 637 ; 18 Wend. 611 ; 14 Id. 237 ; 4 Hill, 598 ; *Abbe* v. *Marr*, 14 Cal. 210 ; 2 Abb. 386 ; *Russell* v. *Ford*, 2 Cal. 86 ; *Buckley* v. *Carlisle*, Id. 420 ; *Nugent* v. *Locke*, 4 Id. 318 ; 5 Id. 299 ; 14 Johns. 318 ; 1 Wend. 532 ; 12 Id. 402.

*B. S. Brooks*, for Respondents, cited *Robb* v. *Robb*, 6 Cal. 21 ; *Shaw* v. *Mc Gregor*, 8 Id. 521 ; *Pico* v. *Carillo*, 7 Id. 30 ; *Nichols* v. *Nichols*, 10 Wend. 560 ; *Soulden* v. *Cook*, 4 Id. 217 ; *Leavitt* v. *Woods*, 10 Id. 558 ; *McEvers* v. *Marhler*, 1 Johns. Cases, 248 ; *Jones* v. *Dunning*, 2 Id. 74.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an appeal from an order denying a motion to set aside a judgment.

The judgment was rendered on the ninth day of August, A. D. 1856, and the motion to set it aside was made on the sixteenth day of March, 1861, on a notice which had been served on the ninth day of the same month.

As early as 1852, it was decided in the case of *Baldwin* v. *Kromer* (2 Cal. 582) " that after the expiration of a term of the District Court, no power remains in it to set aside a judgment, or grant a new trial."    This has been reiterated in numerous cases since.    In the case of *Robb* v. *Robb* (6 Cal. 21) it was decided that a motion and affidavit could not be considered as a formal proceeding in the nature of a bill in equity.    In the present case, it is claimed that these decisions are inapplicable, as this motion proceeds upon the ground that the judgment is entirely void, because, as is claimed, the omission to comply with certain of the require-

ments of the statute regulating the service of summons by publication is such as to render the proceeding ineffectual to give the Court jurisdiction of the person of the defendant. But in the numerous cases which have been decided in this State, no distinction is made or alluded to as to the grounds of the application ; the language being that, " after the adjournment of the term, the Court loses all control over its judgments ; " and in several of the cases reference is made to the provisions of the sixty-eighth section of the Practice Act, allowing parties to move within six months in cases where the summons and complaint have not been personally served, as constituting an exception of which the party must avail himself by proceeding under the statute and within the six months. This provision of the statute was, perhaps, intended only for the benefit of persons against whom judgments were obtained regularly, but without a personal service, such as upon a service by publication or by a voluntary appearance by an attorney ; but the manner in which it has been spoken of in the cases above referred to indicates the understanding of the Court that the want of service of summons would not be a ground upon which to move to set aside the judgment, unless done within the six months provided by that section. It has been decided in the cases of *Chipman* v. *Bowman* (14 Cal. 157) and *Logan* v. *Hillegass* (16 Id. 200) that the District Court " can, at any time, arrest all process issued by its Clerk on judgments which are void." But this is by virtue of its control over its own process and its own officers, by which it can refrain from attempting to give efficacy to a void judgment, or what might be called the form of a judgment, and does not necessarily imply that it could entertain a motion to vacate the judgment, treating it as a thing of some efficacy and which there could be some object in having set aside. It is an ordinary exercise of the power of Courts to set aside executions and grant a perpetual stay of execution on judgments which there is no ground for absolutely vacating.

Under the effect of the decisions heretofore made by this Court, we think it must be considered as settled in this State that no motion can be entertained by a District Court to set aside a judgment on any ground, including that of want of jurisdiction over the person of the defendant in the action in which the judgment was

Bell *v.* Thompson.

entered, after the expiration of the term in which it was entered, unless its jurisdiction is saved by some motion or proceeding at the time, except in the case provided for by the sixty-eighth section of the Practice Act.

Order affirmed.