## THOMAS A. SANCHEZ *v.* MANUEL A. CARRIAGA, T. D. MOTT, C. R. AYERS, AND S. SCHREWS-BERRY.

RECORD ON APPEAL TO SUPREME COURT.—A judgment in another case, printed in the transcript on appeal from an order refusing to dissolve an injunction, which is not made a part of the complaint or answer by averment, and was not one of the papers upon which the injunction was granted, or upon which the motion to dissolve was heard, is not a part of the record.

INJUNCTION TO RESTRAIN SALE ON EXECUTION.— If a judgment upon which an execution issues, and the execution itself, are void upon their face, an injunction will not be granted to restrain a sale of property levied on under the execution, or the issuing of any other execution on the judgment.

POWER OF COURT TO STAY EXECUTION ON MOTION.—If a judgment upon which an execution issues and the execution itself are void upon their face, the Court has power on motion to afford relief, and can arrest the process.

POWER OF JUDGE AT CHAMBERS OVER EXECUTIONS.—A Judge at chambers has authority to order a suspension of proceedings under an execution until a motion before the Court to recall or quash it can be heard.

COMPLAINT TO ENJOIN EXECUTION.—A complaint to enjoin the sale of property under an execution, and the issuance of another execution on the judgment, is devoid of equity, which only avers that the judgment and execution are void on their face, and the insolvency of one of the defendants.

APPEAL from the District Court, First Judicial District, Los Angeles County.

The plaintiff averred in his complaint that on the 4th day of August, 1866, the defendant Carriaga procured to be issued out of the County Court, by defendant Mott, the Clerk, a writ pretending to be an execution purporting to be issued on a judgment rendered on the 28th of November, 1864, in favor of Carriaga and against Sanchez *et al.*, and that defendant Ayers was proceeding as elisor, by. virtue of the execution, to levy on and sell plaintiff's property. It was also averred that Carriaga was insolvent.

It was further averred that the execution was void, because the judgment and execution were against Sanchez *et al.*, and in the suit in which it was pretended to be rendered there were several other defendants named ; and that the judgment was void because rendered on the order of the Judge at chambers, and not in term time, and that the only entry of the judgment was in the Minute Book of the Court. There was

no averment that the judgment was unjust, or that the amount for which the execution issued was not equitably due. The Judge of the County Court granted a preliminary injunction, and the defendants appealed from an order refusing to dissolve it.

The other facts are stated in the opinion of the Court.

*Glassell & Chapman*, for Appellants, argued that even if the judgment and execution were void, plaintiff's remedy was not by injunction from a Court of equity, but by motion before the Court out of which the process issued; and also that as the complaint did not aver that the judgment was unjust, or that plaintiff had any equitable defense to the action, or that the amount for which the execution issued was not equitably due, a Court of equity would not restrain the process of a Court of common law; and cited *Marriner* v. *Smith*, 27 Cal. 652; and *Gregory* v. *Ford*, 14 Cal. 141.

*V. E. Howard*, for Respondent, argued that a County Judge could not issue an injunction as a part of the jurisdiction of his own Court, and as several terms had elapsed after the Clerk had pretended to enter the judgment before the execution was issued, that the County Court had lost jurisdiction over the proceeding if it was treated as a judgment. He also argued that relief by injunction to stay proceedings on judgments by execution was a familiar proceeding in equity; and cited Story's Equity, Secs. 885, 886, and 874; and *Sanford* v. *Sinclair*, 8 Paige, 374. He also argued that when the complaint averred that the judgment was void on its face it was unnecessary to aver that the judgment was unjust.


By the Court, SAWYER, J.:

This is an appeal from an order refusing to dissolve an injunction. The motion was heard on complaint and answer. The judgment in the case of *Carriaga* v. *Sanchez et al.*, copied into the transcript, is not a part of the answer, or of the papers upon which the injunction was granted, or upon which

the motion to dissolve was heard, and, consequently, is no part of the record in this case.

The suit was brought to restrain a sale under execution issued upon a judgment, on the ground that the execution is void upon its face, for reasons stated, and the further ground that the judgment upon which it was issued is also void—an absolute nullity upon its face—and to restrain the issuing of any other execution upon said void judgment. It is alleged that one of the defendants is insolvent and irresponsible, so that in case a sale should be made under the void judgment and execution, no adequate redress could be had against him in a suit to recover damages resulting from the trespass in selling under a void judgment and execution; but nothing is said as to the responsibility of the other two defendants. The only equities relied on are the threatening to sell under a void judgment and execution, and to issue further executions upon the same void judgment, and the insolvency of one of the defendants. We think the complaint presents no case for an injunction. If the judgment upon which the execution is based and the execution itself are void upon their face, the County Court has ample power to afford speedy and adequate relief. If the judgment is void, the Court has entire control over the process and can arrest it. The County Judge also, upon a proper application, has authority to order a suspension of the execution of the writ till a motion before the Court to recall or quash it can be heard. The case of *Logan* v. *Hillegass*, 16 Cal. 201, is directly in point. The action was for an injunction and to annul a judgment claimed to be void because it appeared from the record that the Court had not acquired jurisdiction of the defendant. A demurrer for want of equity was sustained. Mr. Chief Justice Field, in deciding the case on appeal, said: "If, for any of these reasons, the judgment be absolutely void, as contended by counsel, the appellant has a perfect remedy, by application to the District Court, to quash the execution. The Court can at any time arrest all process issued by its Clerk on judgments which are void." (Ib. 202; see also *Chipman* v. *Bowman*, 14 Cal. 158;

and *Bell* v. *Thompson*, 19 Cal. 708.) Taking the allegations of the complaint as true, then, that the judgment and execution are absolutely void, there was a speedy, adequate and complete remedy by a proper application to the Court in which the judgment purports to have been rendered, and the complaint does not disclose a proper case for an injunction.

Order refusing to dissolve the injunction reversed, and the District Court directed to enter an order dissolving the injunction and dismissing the complaint.