## ROBERT MURDOCK v. THOMAS DE VRIES, JAMES B. CHASE, JOSEPH HOLLAND, AND HENRY L. DAVIS.

37  527)
81  630)

INJUNCTION UPON A JUDGMENT.—The collection of a judgment by default will not be enjoined, upon the ground of fraud, where there was no promise, misrepresentation, or understanding between the parties by which the defendant in the judgment was deceived or misled to make default, and the only circumstance relied upon or proved as fraud is the fact that the plaintiff in the judgment obtained more relief than he was entitled to.

IDEM.—An action was brought to enforce a lien upon certain premises for a street assessment in San Francisco without asking for personal relief. The defendant made default, and the plaintiff took a judgment, including personal relief also. The defendant brought an action to enjoin the collection of the judgment upon the ground of fraud, and upon trial offered no proof of fraud except the judgment roll. *Held*, first, that the fraud cannot be predicated of such a proceeding; second, that such a judgment will not be enjoined; third, that if such a judgment be void *pro tanto*, the remedy is by motion to set it aside; fourth, that if it be merely erroneous, the remedy is by appeal. Whether such a judgment is void *pro tanto* or only erroneous, left open.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The defendants appealed.

The facts and the points of counsel appear in the opinion of the Court.

*G. F. & W. H. Sharp*, and *James Mee*, for Appellants.

*J. M. Seawell*, for Respondent.

By the Court, SANDERSON, J..

This is an action to quash an execution and to perpetually enjoin the collection of the judgment upon which it was issued, upon the ground that it was obtained by fraud. The plaintiff obtained a judgment to that effect, and the defendants have brought it here for review.

The only evidence upon which the case was tried was introduced by the plaintiff, and consisted only of the judg-

ment roll in the case in which the judgment and execution in question had been rendered and issued. That action, as shown by the judgment roll, was brought to enforce a lien upon certain premises in the City of San Francisco for a street assessment, without asking for a personal judgment for any deficiency that might be found to exist after a sale of the premises. No answer was made to the action, and in due time a judgment by default was rendered, in which the lien was not only enforced by a sale of the premises, but in addition it was provided that if the return of the Sheriff upon the execution should show a deficiency, the Clerk should enter a personal judgment for the amount of such deficiency against the defendants. The return of the officer showed a deficiency, and the Clerk thereupon entered a personal judgment therefor.

Thus the charge of fraud rests upon the single fact that the plaintiff obtained more relief from the Court than he was entitled to take by his action, in view of the fact that the defendants had filed no answers. (Practice Act, Sec. 147.) We are unable to perceive how fraud can be predicated of such a transaction. The act charged upon the plaintiff as a fraud was the act of the Court. There was no promise, misrepresentation, or understanding between the parties, outside of the record, by which the defendants were deceived or misled in any way.

We do not understand that a party who asks for more relief at the hands of the Court than he is entitled to, thereby attempts a fraud upon the opposite party, or consummates a fraud if he gets it. Of such a transaction nothing more can be predicated than that the plaintiff has obtained an erroneous judgment, which will be reversed or modified on appeal, or possibly one which is, *pro tanto*, absolutely void. (*Simonson* v. *Blake*, 12 Abbott's Pr. 331.) Such a transaction discloses none of the grounds upon which a Court of equity will interpose and stay the judgment. If erroneous, the defendant has a remedy by appeal; if void upon its face, he has, in addition, a remedy by motion, at any time, in the

Court by which the judgment was rendered. (*Chipman* v. *Bowman*, 14 Cal. 157; *Logan* v. *Hillegass*, 16 Cal. 200; *Bell* v. *Thompson*, 19 Cal. 706; *Sanchez* v. *Carriaga*, 31 Cal. 170.) If the judgment in question is to be considered as merely erroneous, the plaintiff has now no remedy, for he has allowed the time for appeal to pass without taking any steps to obtain a reversal. If it is to be considered as absolutely void upon its face, so far as it grants personal relief, the plaintiff still has a remedy by motion to quash the execution and to stay the judgment in the Court in which it was rendered. Upon the question whether the judgment, so far as it grants personal relief, is void, or merely erroneous, we reserve our opinion until it is presented in a different manner. To consider it now would be to go beyond the exigencies of the present case.

Judgment and order reversed and a new trial granted.