[No. 2,729.]

## SAMUEL GATES *v.* T. W. LANE AND W. H. McEL-HANY.

PARTIES IN ACTION TO ENJOIN JUDGMENT.—When one of the defendants in a joint judgment sues to have the judgment perpetually enjoined, his co-defendants should be made parties to the action, or sufficient reasons for the omission to make them parties should be stated in the complaint.

IDEM.—In such case, if the defendants in the judgment are not all made parties, the Court should exercise its authority under the seventeenth section of the Practice Act, and require the omitted parties to be brought in.

*Query?*—If the judgment of a Justice of the Peace is void on its face, will its enforcement by execution be restrained by injunction?

*Query?*—If an execution is issued by the County Clerk on a judgment rendered by a Justice, after a transcript of the judgment is filed with the Clerk, what Court has authority to entertain a motion to quash it?

FACTS TO BE STATED IN PLEADING.—In pleading, the essential facts upon which the legal points in the controversy depend, should be stated with clearness and precision, so that nothing is left for the Court to surmise.

APPEAL from the District Court of the Fifth Judicial District, San Joaquin County.

The defendants demurred to the complaint and the Court below overruled the demurrer. The defendants appealed.

The other facts are stated in the opinion.

*Hall & Montgomery,* for Appellants.

Equity will not interpose for preventing the enforcement of a judgment on the *single* ground, that the judgment is void for want of jurisdiction in the Court where rendered. (*Chipman* v. *Bowman,* 14 Cal. 157; *Comstock* v. *Clements et al.,* 19 Cal. 77; *Sanchez* v. *Carriaga,* 31 Cal. 170.)

In such case, there is a sufficient remedy either by *a motion to arrest the process, or by appeal from the judgment, or by writ of certiorari.*

There is nothing in the bill which shows that the remedies by *motion* and by certiorari were not open to the plaintiff.

It will not be pretended that a Justice's Court is not authorized to control its process (19 Cal. p. 77); but it is replied, that it had not the power to quash the execution in this instance, because it was issued by the County Clerk on a transcript of the judgment filed and docketed in his office under the provisions of section five hundred and ninety-nine of the Civil Practice Act.

We respectfully maintain, that such filing, as it could not affect the *status* of the judgment, did not withdraw from the jurisdiction of the Court rendering it, the process issued for its enforcement. The only consequence of the filing was, that execution to another county must proceed from the Clerk instead of the Justice; but the judgment was not con-

verted, by the docketing of the transcript, into a judgment either of the District or County Court (*People* v. *Doe,* 31 Cal. 220), nor could the power of the Justice's Court over the process be extinguished because the law designated a person other than the Justice to perform the simple ministerial act of issuing such process for a certain purpose only.

In any view, either the Justice's, or the District or County Court, *must* have had control of the process; and the plaintiff was *bound to apply to competent judicial authority to be relieved against the outstanding execution.* If he had made the effort for relief in that form, and his application had been denied, the objection we now urge might have been satisfactorily answered; but no such fact is found in the complaint.

Nor does it appear that certiorari, for reviewing and annulling the judgment, was resorted to. A speedy and adequate remedy was open to the plaintiff in that form.

No loss could have been sustained, by the sale, under a *void* execution, as the title to the property sold would not, thereby, have been divested; and the property was repleviable, by an action direct against the Sheriff; nor is it alleged that the Sheriff could not respond for damages to be occasioned by his official acts in the premises. (*King* v. *Randlet,* 33 Cal. 318; *McMinn* v. *Whelan,* 27 Cal. 300; *De Witt* v. *Hays,* 2 Cal. 463; *Rhodes* v. *Patterson,* 3 Cal. 469; Crocker on Sheriffs, Sec. 845.)

*J. H. Budd,* for Respondent.

The plaintiff Gates could have had no adequate remedy by and through the writ of certiorari, since that writ, if issued, must have been against the Justice of the Peace who rendered the judgment complained of; and the order to desist from further proceedings must have been directed, if at all, against the Justice of the Peace, and not against the County Clerk of the county. (Practice Act, Sec. 460.)

An injunction will lie in case of judgment through fraud. (2 Story Eq. Jur., Secs. 887–894.)

An injunction will be granted when it appears from the complaint that the plaintiff is entitled to the relief demanded. In case no opportunity for a new trial existed, equity will interfere for the purpose of justice between the parties. (2 Story Eq. Jur., p. 81, note 1.)

An injunction will be granted against a Justice's judgment regular on its face. (*Cooper* v. *Bell*, 14 How. 295; 2 Kernan, 166; *Swain* v. *Chase*, 12 Cal. 283.)

It may be proven by parol testimony that the jurisdictional facts as to Justices' Courts do not exist. (*Cripp* v. *Durden et al.*, 1 Smith's Leading Cases, 820, and authorities there cited.)

The rule that District Courts will not grant injunctions to stay proceedings in actions at law, applies only to cases in which the whole object of the injunction could be accomplished by a simple order to stay proceedings. (*Chappell* v. *Potter*, 11 How. 365; *Vanwagener* v. *Lafarge*, 13 How. 16; *Walker* v. *Wynne*, 3 Yerger, 367; *Bell* v. *Williams*, 1 Head, 229; *Owens* v. *Ramstead*, 22 Ill. 161, 167; 14 How. N. Y. Rep. 295.)


By the Court, RHODES, J.:

The complaint alleges that the plaintiff and two others executed a joint promissory note to defendant McElhany; that McElhany recovered a judgment on the note against all the makers before a Justice of the Peace of Solano County; that a transcript of the judgment was filed with the County Clerk of that county, who issued an execution to the Sheriff of Stanislaus County; that the Sheriff levied on the "undivided personal property of this plaintiff of the value of three thousand dollars," and is about to sell the same under the execution; that no summons was served on the plaintiff;

that he did not appear in the action before the Justice of the Peace; and that the Justice rendered judgment without having acquired jurisdiction of the person of the plaintiff.

The complaint does not show whether the return upon the summons states that the plaintiff was served, nor, indeed, whether a summons was issued; nor whether the judgment or other entries in the Justice's docket state that the plaintiff was served with process or whether he appeared in the action. In other words, the complaint does not show whether the judgment is void on its face, or whether it is apparently valid, but is void because the Justice did not in fact acquire jurisdiction of the plaintiff. The prayer is for an injunction restraining the enforcement of the execution and the judgment. The answer denies, though not in a very formal manner, the allegations of the complaint in respect to the failure of the Justice to acquire jurisdiction of the plaintiff. The plaintiff had judgment in accordance with the prayer of the complaint.

It is quite obvious that when one of the defendants in a joint judgment sues to have the judgment perpetually enjoined, his codefendants should be made parties to the action, or sufficient reasons for their omission should be stated. And it is equally clear that in such a case, if all the judgment defendants are not made parties, the Court ought to exercise the authority conferred by the seventeenth section of the Practice Act, and require the omitted parties to be brought in.

If the judgment of the Justice is void on its face, then the question would arise whether, under the authority of *Murdock* v. *De Vries*, 37 Cal. 527, an action for an injunction will lie—whether the plaintiff has not an ample remedy by motion, to quash the execution. And the further question would arise as to what Court, if any, would have jurisdiction to quash an execution issued by the County Clerk, upon the transcript of a judgment of a Justice of the Peace.

If the judgment is not void on its face, but the summons was falsely returned as served on this plaintiff, the question would arise whether the plaintiff in this action could controvert the return; but these, as well as other questions which might be stated, are hypothetical, for the complaint does not show the condition of the proceedings and judgment in the Justice's Court.

Almost all legal controversies depend on a very few, and usually not more than one or two points. The points in dispute may be matters of fact or questions of law. If the point be one of fact, there can be but little difficulty in the great majority of cases in stating the fact so directly and distinctly that issue may be joined and the fact be found; and if the point be one of law, there is as little difficulty in stating the facts upon which the question depends. The pleadings but poorly subserve the purpose intended, if the Court, before declaring the law upon the points presented by the parties, is compelled, as in this case, to surmise many of the essential facts on which the points turn.

Judgment reversed, and cause remanded with directions to sustain the demurrer to the complaint.