[No. 2,328.]

## CALIFORNIA PACIFIC RAILROAD COMPANY *v.* CENTRAL PACIFIC RAILROAD COMPANY OF CALIFORNIA ET AL.

WHEN CERTIORARI LIES.—When, in a proceeding for the condemnation of land, the District Court makes an order which it has no jurisdiction to make in relation to the use of the property sought to be condemned, and there is no appeal from the order, certiorari is the proper remedy, in order to have the order annulled before the damages it purports to authorize have been sustained.

IDEM.—When a trespass is about to be committed, by authority of an order of Court which is void, the fact that the trespass may be enjoined in equity does not prevent the order from being reviewed on certiorari, for the mere fact that the order is void will not alone authorize an injunction.

JURISDICTION OF COURT IN CONDEMNING LAND. In proceedings for the condemnation of property for a railroad, under the Act of 1861 as amended in 1863, the District Court has no jurisdiction to make an order authorizing the petitioner to take possession of and use the land sought to be condemned during the pendency of the proceedings for condemnation, for said Act does not provide any compensation to the owner for such taking, and is, therefore, in so far as it authorizes it, unconstitutional.

CERTIORARI from the Supreme Court to the District Court of the Sixth Judicial District, County of Sacramento.

The plaintiff was a corporation, organized in January, 1865, to construct a railroad from Vallejo to Sacramento and Marysville.   The railroad passed up the west side of the Sacramento river to a point opposite the city of Sacramento (which is on the east bank of the river) and then crossed the river and entered the city.

The defendant was also a railroad corporation operating a railroad from the territory of Utah, west to Sacramento, and thence to San Francisco, passing through the city of Sacramento on the east bank of the Sacramento river.   The defendant had wharves on the east bank of the Sacramento river.   The plaintiff desired to condemn land of the defendant in Sacramento, for depot purposes, and it was necessary for it to go across a wharf and the tracks of the defendant in order to enter the city, and this right it sought also to condemn. The petition was filed October 14th, 1869.   The Court made an order that upon filing a bond in the sum of $20,000, "the petitioner, by its agents, officers and employees. is authorized to commence on the outer wharf line of the Central Pacific Railroad Company of California, where the same is intersected by petitioner's track line across the Sacramento river, and to remove so much of the said wharf structure and tracks thereon, not exceeding forty (40) feet in width, as shall enable it to reach with its bridge and track, the site for the abutment of its railroad bridge, and then take possession of, and use for the purpose of constructing its abutment and bridge, a piece of ground, not exceeding fifteen (15) by forty (40) feet, and from said abutment continue its track or bridge to the west line of First Street, of said city of Sacramento, not occupying therewith more than thirty-five (35) feet in width, and crossing any intervening tracks of the Central Pacific Railroad Company of California, and cutting and adjusting the rails thereof to those of the petitioner.   And said petitioner, by its officers, agents, or employees, is authorized to enter upon and remove any houses, buildings, or structures, interfering with, or in the way of said petitioner, between the outer wharf line, aforesaid, and the said west line of First Street; and from the said west line of First Street, the petitioner, by its

agents, officers, or employees, is authorized to extend its track across said First Street, to the eastern side thereof, and to cross the rails and tracks of the said Central Pacific Railroad Company of California, situate in said street and crossing.

*S. W. Sanderson*, for the Central Pacific Railroad Company.

*George Cadwalader*, for the Respondent.

By the Court, McKinstry, J.:

On the presentation of a petition by the corporation plaintiff for the condemnation of certain lands of the defendant, the District Court ordered that (upon the filing of the bond mentioned in the thirty-fourth section of the railroad Act of 1861, as amended April 27th, 1863), the petitioner "have the right and privilege" to tear down a wharf of the defendant, the Central Pacific Company, to lay a track through its premises, removing any buildings or structures in the way, and to extend its track across the tracks of said defendant; and also to take possession of all the lands sought to be condemned, and to use the same during the pendency of the proceedings.

It is admitted by counsel that there was no appeal from this order. The District Court had no jurisdiction to make such an order. (*Davis* v. *San Lorenzo Railroad Company*, *ante*, 517.) It seems clear that the defendant had no plain, speedy, and adequate remedy, except by *certiorari*. An action for a trespass, done under color of the order, might, perhaps, give compensation for the actual damages sustained, but the defendant has the right to have the order annulled, before the damages it purports to authorize have been committed. He is not bound to wait until the injury is done, but may demand relief by way of protection against injuries contemplated by the order itself. The same language was employed in the chapter of the Practice Act which treated of the writ of mandate. But this Court held

that, to supersede the remedy by mandamus, the party must not only have a specific, adequate legal remedy, but one competent to afford relief upon the very subject-matter of his application, and one which is equally convenient, beneficial, and effective as the proceeding by mandamus. (*Fremont* v. *Crippen*, 10 Cal. 211; *Babcock* v. *Goodrich, ante,* 488.) Assuming, for the purpose of the argument (what we do not decide), that, if a party has an equally effectual equitable remedy, he cannot resort to *certiorari*, a Court of Equity would not enjoin trespasses threatened under such an order, simply on the ground that the order is void. (*Chipman* v. *Bowman*, 14 Cal. 157; *Logan* v. *Hillegass*, 16 Cal. 200.) In such case the complainant would have to allege and prove peculiar circumstances, of the same nature as those which are necessary to invoke the interposition of equity to restrain trespasses threatened by persons without right or color of right.

The order of the District Court must be declared to be, and the same is adjudged, null and void.

Neither Mr. Justice RHODES, nor Mr. Justice CROCKETT, expressed an opinion.