[No. 12391.   In Bank. — May 12, 1890.]

| 84  | 141 |
|-----|-----|
| 121 | 526 |

# N. W. SPAULDING, Appellant, v. J. W. WESSON
## et al., Respondents.

Street Assessment — Issue as to Dedication of Street — General Find-
ing — Evidence. — In an action for the foreclosure of a street assess-
ment, if the court finds generally that all the allegations of the answer
are true, without passing specifically upon an issue tendered as to
whether the portion of the street upon which the work was done had
ever been dedicated as a public street, and the evidence shows that it
had been so dedicated, an order refusing a new trial must be reversed.

Id. — Jurisdiction of Supervisors to Order Work — Conclusions of
Law — Pleading — Findings. — An allegation in the answer that the
board of supervisors had no authority or jurisdiction to order the work
done upon a street, for which an assessment is sought to be foreclosed,
and findings responsive to such allegation, are mere conclusions of law.
The facts should be alleged and specifically found.

Id. — Street Improvement in San Francisco — Completing Grade —
Necessity of Petition. — It appearing that two or more blocks on each
side of a street in San Francisco have been graded, and that the work of
further grading upon the same street had been recommended by the
superintendent of streets, and the resolution of intention of the super-
visors to do the work had been duly passed and published, it is not
necessary to jurisdiction that there should be a petition by the owners.

Appeal from an order of the Superior Court of the
city and county of San Francisco denying a new trial.

The action was brought to foreclose a street assessment
of $249.17 upon lot No. 18, situated upon the southwest
corner of Union and Polk streets, for the grading of
Union Street from Larkin Street to the westerly line of
Franklin Street, under a contract between the superin-
tendent of streets of the city and county of San Fran-
cisco and J. S. Dyer, the assignor of plaintiff.   The
answer, besides certain denials, alleged that the supervi-
sors had no jurisdiction to order the grading; that Union
Street between Larkin and Franklin streets had not been
dedicated or condemned as a public street; and that no
petition for the grading was ever presented to the board
by a majority or any number of the owners of the lots
fronting on the work.   Further facts are stated in the
opinion of the court.

*W. H. H. Hart*, and *D. H. Whittemore*, for Appellant.

*J. C. Bates*, for Respondent.

Fox, J.—A vital issue in this case is, whether or not Union Street between Larkin and Franklin streets had ever been dedicated as a public street. Upon that issue there is no finding whatever, unless it be held that the finding "that all the other allegations of the answer of defendants (and amendments thereto) are true as therein stated" covers that issue. If there is no finding covering the issue, the error is fatal; if the omnibus finding quoted covers it, then, in our judgment, the finding upon this point is not supported by the evidence. In either event, the order must be reversed.

The first, third, and sixth findings are mere conclusions of law. An allegation that the board had no authority or jurisdiction to order the work to be done raises simply an issue of law. The *facts* should be alleged and specifically found. (*Spaulding* v. *Bradley*, 79 Cal. 449.) But if the finding in this case on that subject be considered as a finding of fact, it is not supported by the evidence. It appearing that two or more blocks on each side of the street had been graded, that the work had been recommended by the superintendent of streets, and that the resolution of intention had been duly passed and published, it was not necessary to jurisdiction that there should be a petition by owners. (Stats. 1871–72, pp. 804–815.)

Neither the facts nor the questions raised in *Spaulding* v. *Bradley, supra*, are the same as those involved herein.

Order appealed from reversed, and cause remanded for a new trial.

McFarland, J., Paterson, J., and Sharpstein, J., concurred.

Rehearing denied.