[Crim. No. 96.    Second Appellate District.—January 22, 1909.]

## THE PEOPLE, Respondent, v. R. S. LANTERMAN, Appellant.

CRIMINAL LAW—FALSE AND FRAUDULENT CLAIM AGAINST COUNTY—TRAVELING EXPENSES—DEFECTS IN INDICTMENT.—*Held*, per Shaw, J., that an indictment against a coroner under section 72 of the Penal Code, for presenting a false and fraudulent claim against a county, with intent to defraud the same, "for traveling expenses outside the county seat on official business," containing the recital, "the said board of supervisors being then and there authorized to allow, pay and order the same to be paid if genuine," is insufficient in the absence of any allegation of fact showing such authority. [Allen, P. J., and Taggart, J., dissenting.]

ID.—FARE CHARGED UPON TRAIN—IMPROPER EVIDENCE OF PASS—REPORTS OF CONDUCTORS TO COMPANY—ABSENCE OF OTHER PROOF—PREJUDICIAL ERROR.—When one of the items of the account for traveling expenses was for railroad fare between two points on a certain date, and the mere reports of conductors to the railroad company, showing travel by defendant upon a pass on that date, without showing between what points, were admitted, such reports are mere private writings or memoranda, which were not admissible without independent proof of the truth of the facts stated, and when the conductors themselves were in court, and merely identified the reports, without other evidence, the admission of the same was prejudicial error, if it cannot be said that the jury would have convicted the defendant without these reports.

Id.—Memoranda of Facts Made by Third Party—Refreshment of
   Memory.—When memoranda of the facts of a transaction are made
   by a third party, he may use the same to refresh his memory as to
   the facts stated therein, in which case the writing must be produced
   and may be seen by the adverse party, who may cross-examine the
   witness upon it, and read it to the jury. But the witness using the
   memoranda will not be permitted to read the same to the jury, nor
   can they be admitted as evidence to the jury in any sense.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, Earl Rogers, Paul W. Schenck, and O'Melveny, Stevens & Millikin, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy
Attorney General, for Respondent.

SHAW, J.—Defendant was charged by indictment with
the commission of the crime specified in section 72 of the
Penal Code, and upon trial was convicted as charged. He
appeals from the judgment and an order of the court denying
his motion for a new trial.

Defendant interposed a demurrer to the indictment upon
the grounds, among others, that the indictment did not substantially conform to sections 950, 951 and 952 of the Penal
Code, and that the facts stated in the indictment did not
constitute a public offense. This demurrer was overruled.

The parts of the indictment material to a consideration of
the case are as follows:

That on or about the twenty-sixth day of February, 1907,
and before the finding of this indictment, at and in the
county of Los Angeles, state of California, the said R. S.
Lanterman, with intent to defraud the said county of Los
Angeles, state of California, did willfully, unlawfully and
feloniously present for allowance and for payment to the
board of supervisors of said county of Los Angeles a certain
false and fraudulent claim, bill, account and demand on the
treasury of the said county of Los Angeles, and against the
said county of Los Angeles, the said board of supervisors of
the said county of Los Angeles being then and there authorized
to allow, pay and order the same to be paid if genuine; which

said false and fraudulent claim, bill, account and demand was and is in the words and figures as follows, to wit:

"Demand of Dr. R. S. Lanterman.

P. O. Address, Los Angeles.

On the Treasury of the
County of Los Angeles,
State of California.

For the sum of Eight 40-100 dollars.

Being for traveling expenses outside county seat on official business."

(Here follow dates, items and amounts thereof.)

"Expenditures authorized and approved by me.

"State of California,
County of Los Angeles—ss.

"The undersigned, being duly sworn, says: That the within claim and the items and statements as therein set out, are true and correct; that no part thereof has been heretofore paid, and that the amount therein is justly due this claimant, and that the same is presented within one year after the last item thereof has accrued.

"(Sign here)        R. S. LANTERMAN.

"Subscribed and sworn to before me this day of Feb. 26, 1907.

"By FRED J. WILLIAMS,

"Notary Public in and for the County of Los Angeles, State of California.

"$8.40.

"Demand of R. S. Lanterman on the treasury of the county of Los Angeles, state of California,
for Traveling Expenses Coroner.

"Filed Feb. 26, 1907.    C. G. Keyes, county clerk; by P. B. Spears, deputy clerk.

"I have examined the within claim and find the same is a legal charge against the county for the sum of $8.40.    J. D. Fredericks, district attorney; by Fleming, actg. chf. deputy.

"Examined and approved.    George Alexander, supervisor.

"Allowed by the board of supervisors March 18, 1907, in the sum of $8.40, payable out of general fund.

"Attest: C. G. Keyes, clerk of the board of supervisors, by J. W. Powell, deputy clerk.

"Countersigned: C. E. Patterson, chairman board of supervisors.

"Warrant No. 5805.   $8.40.

"Allowed Mar. 18, 1907, for the sum of eight 40/ dollars, payable out of general fund. H. G. Dow, county auditor; by .........., deputy auditor.

. "I do hereby appoint .......... my attorney to receive from the county treasurer the money on the within demand. (Sign here.)

....................dated ..............190..

..................P. O. address.

"(Paid Mar. 23, 1907.   John N. Hunt, L. A. County Treasurer.)

"Received payment 3-23-1907.   R. S. Lanterman";

—followed by full allegations as to the falsity of said claim and defendant's knowledge of such facts.

There is nothing in the indictment showing that any part of the claim set out in full therein constituted indorsements thereon, but, as alleged, the entire matter following the jurat of the notary, down to and including the words, "Received payment, 3-23-1907, R. S. Lanterman," as written therein constituted a part of the claim as presented to the board of supervisors on February 26, 1907. Appellant's counsel contend, however, that, although not directly alleged, it is apparent that all of that portion of the claim as set out in the indictment following the notary's jurat consists of and is indorsements made thereon after the presentation of the claim and by others than defendant.

Section 72 of the Penal Code, under which the indictment was found, is as follows:

"Every person who, with intent to defraud, presents for allowance, or for payment, to any state board or officer, or to any county, town, city, ward, or village board, or officer, authorized to allow or pay the same if genuine, any false or fraudulent claim, bill, account, voucher, or writing, is guilty of felony."

The chief objection which appellant urges in support of his contention that the indictment is insufficient is the absence therefrom of any allegation of fact which, conceding the claim to be genuine, would warrant the board of supervisors in allowing or ordering the same paid. According to section 957 of the Penal Code, the word "genuine," as used in

section 72, must be construed according to its usual acceptance in common language. As so used it means true, real, correct, as distinguished from false, fictitious, spurious, or simulated. (Century Dictionary; 14 Am. & Eng. Ency. of Law, p. 1003.) As here used, it has reference to the statement of amount, purpose for which, and date when the disbursements were made, as set forth in the account upon which the claim is based. It refers to the items of the account. That the claim is genuine means simply that the account and the items therein stated, and the purpose for which the expenditures are alleged to have been made, are true and correct. Now, assuming that in the sense we have stated, namely, that defendant had on account of traveling expenses outside county seat on official business made the disbursements as itemized and set forth in his account, it must, nevertheless, to constitute the offense, further appear that the claim was one which the board had authority to allow. If a claim based upon a false and untrue account be presented for allowance to a board of supervisors with intent to defraud, and it be apparent from the claim itself that the items thereof are such that in no event could the board allow it, then such presentation of the claim, though allowed and paid, constitutes no offense under section 72, for the reason that one of the essential elements of the crime is wanting. Even if genuine, it is not a claim which the board is authorized to allow. If, on the other hand, the authority to allow such claim so presented depends upon the existence of some fact not apparent from the account itself, then such fact, in order to warrant the board in allowing the claim if genuine, must be made to appear to the satisfaction of the board. Now, since the statute contemplates that there may be genuine claims presented which the board has no authority to allow, and since one of the essential elements of the offense is that the claim presented, "if genuine," must be one which the board is authorized to allow (*People* v. *Howard*, 135 Cal. 269, [67 Pac. 148]), it necessarily follows that an indictment under said section 72 must contain allegations in proper and legal form from which the court may conclude, as a matter of law, that the accused is charged with presenting a claim which the board is authorized to allow.

The claim which defendant is charged with presenting is headed as follows: "Demand of Dr. R. S. Lanterman. P. O.

Address, Los Angeles. On the Treasury of the County of
Los Angeles, State of California. For the sum of Eight 40-100
dollars. Being for traveling expenses outside county seat on
official business.'' It will, we think, be readily conceded that
there is nothing in this heading, nor in the body of the claim
or items constituting the account, which would warrant the
board in allowing defendant anything on account of traveling
expenses outside the county seat on official business. There-
fore, the authority of the board to allow it must be predicated
upon some fact which existed at the time of its presentation
and by reason whereof the board possessed such power. We
do not understand the attorney general to question this con-
clusion. He does contend, however, that the allegation con-
tained in the indictment, to wit: ''the board of supervisors
of the said county of Los Angeles being then and there au-
thorized to allow, pay and order the same (the claim) to be
paid, if genuine,'' is a sufficient allegation of such fact. We
are forced to a contrary view. Not only is this allegation
objectionable by reason of its being in the form of a recital,
but in substance it is, at most, a mere legal conclusion, which,
in the mind of the pleader, might be based upon any one of a
variety of circumstances affording to defendant no means of
knowing what facts would be relied upon at the trial to justify
the conclusion.

Respondent insists that the statute, section 118, Penal Code,
defining perjury, contains provisions analogous to section 72,
in that one of the elements of the crime is that the false testi-
mony must be material to the issues tried, and cites, among
other cases, *People* v. *De Carlo,* 124 Cal. 467, [57 Pac.
383], and *People* v. *Ah Bean,* 77 Cal. 12, [18 Pac. 815].
In the latter case it is said: ''There are two modes by which
the materiality of the alleged false statement may be shown in
criminal pleading: 1. By setting forth the nature of the is-
sue and the evidence given thereon, so that, as a matter of
law, it may be said the testimony upon which the perjury is
assigned is material to the issue; 2. By showing an action at
issue in a court of competent jurisdiction, the testimony given,
its willful and felonious falsity, coupled with the averment
that it was *material to the issue.''* The approval of the second
mode of pleading the materiality of the testimony is due to
the fact that section 966 of the Penal Code with respect to
alleging this element of the offense expressly provides that

the indictment is sufficient if it set forth such fact, "with proper allegations of the falsity of the matter on which the perjury is assigned." For this reason the cases cited by respondent, wherein the sufficiency of an indictment for perjury was the subject of the controversy, have no application to the case at bar. Discussing another element of the offense of perjury (*People* v. *Cohen,* 118 Cal. 74, [50 Pac. 20]), the court, in considering the sufficiency of an indictment wherein it was alleged that the *oath was administered by an officer authorized by law to administer oaths,* it also being alleged that such officer was a deputy county clerk, and the proceeding being a preliminary examination before a superior judge sitting as a magistrate, says: "One of the preliminary elements requisite to constitute the offense of perjury is that the violated oath shall appear to have been administered by competent authority. . . . But, assuming that the magistrate may competently employ a clerk or other officer to perform this function, it is obvious that it should, to show authority in such officer, be alleged that the act was done at the direction of the magistrate. There is no such averment here, except it be by mere inference or legal conclusion, and that is not sufficient. The fact being material, it must be directly averred to satisfy the rules of pleading, even in a civil action, and, *a fortiori,* in a criminal pleading." Respondent cites *People* v. *Bibby,* 91 Cal. 470, [27 Pac. 781], wherein the court considered the sufficiency of an indictment for forgery, the charge being that a superintendent of schools had forged a certain order upon himself purporting to have been signed by two of the school trustees. It was there contended that the indictment was defective in not averring that the purported signers were school trustees. The court held the indictment sufficient upon the ground that the order forged *was upon its face valid and fulfilled every requirement of the law,* citing in support of its conclusion, *Ex parte Finley,* 66 Cal. 264, [5 Pac. 223], wherein the court says: "The rule does not require that the indictment . . . shall contain an express allegation of the existence of every fact the existence of which is assumed in the forged writing." Clearly, the principle there enunciated could have no application to the case at bar. The authority of the board to allow the claim in question is not a fact the existence of which is assumed by presenting a claim which upon its face shows it to be one which it could not allow. The question here involved was not

one of the issues discussed in *United States* v. *Reichert,* 32 Fed. 142, *Ingraham* v. *United States,* 155 U. S. 434, [15 Sup. Ct. Rep. 138], and *People* v. *Mahony,* 145 Cal. 104, [78 Pac. 354]. There is no principle enunciated in these cases which, if applied to the indictment in question, could sustain it as being sufficient.

The question as to whether or not the board had authority to allow the claim, if genuine, is a question of law (*Branham et al.* v. *City of San Jose,* 24 Cal. 585; *Callahan* v. *Broderick,* 124 Cal. 83, [56 Pac. 782]; *Hedges* v. *Dam,* 72 Cal. 520, [14 Pac. 133]; *Spaulding* v. *Wesson,* 84 Cal. 141, [24 Pac. 377]), depending upon the existence of facts which should be directly averred, and upon trial, unless admitted, established by legal evidence. The ground upon which the authority of the board was predicated is the fact, as proven at the trial, that at the time of presenting the claim, defendant was coroner of the county of Los Angeles, and presented the claim for expenditures made by him in such official capacity. These facts should have been averred in the indictment. When taken in connection with subdivision 9 of section 159, County Government Act, [Gen. Laws, 1906, p. 178], which provides that such coroner is entitled to reimbursement for "his actual necessary expenses in traveling outside the county seat," they clearly disclose that the claim was one which the board was by law authorized to allow, provided it was genuine.

Conceding the necessity of averring facts from which the court may determine the authority of the board to allow the claim, it is, nevertheless, insisted that, measured by such rule, the indictment is sufficient. This contention is based upon the fact that immediately following the signature and official designation of the notary before whom defendant verified the claim there is what appears to be an indorsement upon the claim, as follows: "Demand of R. S. Lanterman on the treasury of the County of Los Angeles, State of California, for traveling expenses coroner." Appellant insists, and it is not denied by respondent, that this is an indorsement upon the back of the original indictment; hence, no part of the claim as presented by defendant. Appellant further contends that, if this so-called indorsement is considered part of the claim, then other indorsements showing the claim to have been allowed and paid must likewise be considered, from which it would appear that the board had no authority to allow the claim

for the reason that it was apparent from the face thereof that
it was one already allowed and paid.

However this may be, we are clearly of the opinion that the
sentence above quoted cannot, whether regarded as an in-
dorsement upon the back of the claim, or otherwise standing
alone and disconnected, be construed as an allegation direct
and certain showing the offense charged. (Pen. Code, sec.
952.)   Every fact necessary to allege in the indictment should
be stated positively, and where a direct allegation of a material
fact is necessary it cannot be supplied by intendment or im-
plication.   (*People* v. *Cohen,* 118 Cal. 79, [50 Pac. 20].)
Pleadings must be strictly construed against the party making
them.   Material allegations must be distinctly stated and not
be inferred from doubtful or obscure language.   (*Gates* v.
*Lane,* 44 Cal. 392.)   The obscure and disconnected use of the
word "coroner" inserted in the manner here shown would not
"enable a person of common understanding to know what was
intended."   (Pen. Code, sec. 950.)

A complaint to recover in a civil action otherwise sufficient,
but alleging the claim to be one which the board was authorized
to allow, and stating the claim as presented contained an in-
dorsement in the language above quoted, would be wholly
inadequate to constitute a cause of action.   Measured by the
rules applicable to civil pleadings, the indictment is fatally
defective, and the demurrer thereto should have been sus-
tained.

Another assignment of error upon which appellant bases
his claim for reversal is the fact that the court, over his ob-
jection, received in evidence certain reports made by two
conductors of passenger trains operating over the Salt Lake
Railway between Los Angeles and Pomona.   In the demand
made upon the board defendant claimed that he had on
January 22, 1907, made a trip to Pomona upon official business,
at which time he had paid the sum of $1.50 for transportation.
The theory of the prosecution and that upon which defendant
was tried was that he did not pay any railway fare upon this
occasion, but, as a matter of fact, traveled upon a pass, No.
2255, shown to have been theretofore issued to him by some
official of said Salt Lake Railway Company.   Upon the trial
these two conductors, C. M. Hitchens and Samuel T. Gee by
name, were called as witnesses on the part of the prosecution,
each of whom was shown a document which he testified, as to

the one so presented, was a report of passes and free transportation honored by him on January 22, 1907, while in charge of a train operating over said road. These reports were made to and filed with the auditor of the road pursuant to a rule of the railway company requiring such reports to be made of each trip by conductors of its trains. The report of each conductor was in his own handwriting and made on the said twenty-second day of January, or the day following: Upon each of said reports, in the column marked "Pass Number," are the figures "2255," indicating that a pass of that number was on that day honored for transportation, but there is nothing thereon, nor in the testimony of either witness, to show the distance for which or points between which such pass was so honored. As to the report made by the witness Gee, no evidence whatever was offered touching the truth of the matters contained therein. As to the statements by witness Hitchens contained in his report, he was by the district attorney asked the question: "Well, is this a correct report?" to which he replied: "Well, it is so far as I know. I haven't had any corrections from the ticket auditor, saying that it was wrong or anything of that kind." Thereupon both reports were, over defendant's objection, admitted in evidence, exhibited and read to the jury.

The answer given by the witness Hitchens in reply to the question of the district attorney as to the correctness of his report cannot be regarded as a statement that the same was true, for the reason that it is apparent from the answer that the witness understood the question as referring to the form of the report rather than the truth of the matter therein contained. Therefore, both reports were received in evidence contrary to the general rule which requires oral evidence to be delivered under the sanction of an oath. We may concede an exception to this general rule where the witness making the entry or report is dead or beyond the jurisdiction of the court, and that a showing of such fact entitles such evidence to admission. (*Sill* v. *Reese*, 47 Cal. 342.) No facts, however, are made to appear which would bring this case within such exception. The witnesses who made the entries are neither dead nor beyond the court's jurisdiction. On the contrary, both were present in court on the witness-stand, and the sole fact sought to be established by the documents offered was that this pass had been honored for transportation on said

January 22, 1907. Under these circumstances, we can conceive of no ground which justified the proving of such fact by these unverified reports rather than by the sworn testimony of the witnesses on the stand who made them.

The documents do not purport to be official records the originals or duly certified copies of which are entitled as such to admission in evidence; neither are they a public record of a private writing the original of which record or certified copy thereof may be received in evidence. (Code Civ. Proc., sec. 1919.) At most, they were mere private memoranda of the facts of a transaction made by a third party. As to such documents the code, section 2047, Code of Civil Procedure, provides: "A witness is allowed to refresh his memory respecting a fact, by anything written by himself, or under his direction, at the time when the fact occurred, or immediately thereafter, or at any other time when the fact was fresh in his memory, and he knew that the same was correctly stated in the writing. But in such case the writing must be produced, and may be seen by the adverse party, who may, if he choose, cross-examine the witness upon it, and may read it to the jury. So, also, a witness may testify from such a writing though he retain no recollection of the particular facts, but such evidence must be received with caution." Under this section, the memoranda at most could only be used by the witnesses for the purpose of refreshing a tardy memory to enable them to testify, the defendant having the right as a part of the cross-examination to read them to the jury. Says Coen and Hill in their Notes to Phillips on Evidence: "He [the witness] will not be permitted to read his notes or memoranda to the jury, nor can they be admitted as evidence to the jury in any sense." (1 Phillips on Evidence, 4th Am. ed., 586, note 170.) This language is quoted with approval by our supreme court (*Reid* v. *Reid,* 73 Cal. 209, [14 Pac. 783]), where it is said: "This general rule seems to be embodied in the Code of Civil Procedure, for, after providing that the adverse party may read the memorandum to the jury, it has the following: 'So, also, a witness may testify from such a writing, though he retain no recollection of the particular facts.' " In view of the presence in court of the witnesses who made the reports, and the provisions of said section 2047, the cases cited by the attorney general from other jurisdictions wherein reports of train dispatchers and like employees

were admitted upon the ground of necessity as constituting the best evidence, can have no application to the case at bar.

The only evidence other than that contained in these reports, tending to show that defendant had used the pass was that given by one Sage, as follows: "I recall accompanying the defendant to Pomona on January 22d, in the case of J. Bermudes; I did not see defendant pay any car fare on that day; he tendered a pass on the Salt Lake road. . . . I do not remember the exact date of the trip to Pomona on the Bermudes case; I think it was in the latter part of January. . . . I sat with Dr. Lanterman, . . . ; I think Dr. Lanterman and I sat together all the way from Los Angeles to Pomona. . . . I paid my fare by presenting a pass; I did not examine Dr. Lanterman's pass on this particular trip; I did not pay any particular attention as to the way he paid his transportation." This testimony is vague, uncertain and unsatisfactory, and it cannot be said that the jury would have rendered a verdict without the proof contained in these reports. It must, therefore, be conceded that their erroneous admission was prejudicial to the substantial rights of appellant.

The foregoing views render it unnecessary to consider other assignments of error.

The judgment and order appealed from are reversed.

ALLEN, P. J., and TAGGART, J., Concurring.—While we do not approve of all the views expressed in the foregoing opinion, in relation to the insufficiency of the indictment, we nevertheless concur in the judgment of reversal upon the grounds last stated.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 23, 1909.