## Case No. 15,670.

### UNITED STATES v. McDONALD et al.

[3 Dill. 543.] [1]

Circuit Court, E. D. Missouri. 1876.

CRIMINAL LAW — CONSPIRACY—JOINDER OF OFFICIALS AND PRIVATE PERSONS—MERGER.

1. Under the legislation of congress, an officer of the internal revenue, named as such in the indictment, cannot be jointly indicted for a conspiracy to defraud the revenue, with private persons.

2. The doctrine of merger does not apply to misdemeanors; and the present indictment held good, though it charged a completed offence, in addition to a conspiracy to commit it.

[Cited in U. S. v. Gardner, 42 Fed. 830. Distinguished in U. S. v. Van Leuven, 62 Fed. 68.]

Certain internal revenue officers were joined in an indictment with distillers, charged with a conspiracy to defraud the government of the tax on distilled spirits. The indictment [against John McDonald and others] alleged not only a conspiracy, but also in executing it that a completed offence had been committed. Demurrer was interposed, and was brought on for hearing before MILLER, Circuit Justice, and TREAT, District Judge. It was objected, in support of the demurrer, that officials and private persons could not be joined, and that the offence of conspiracy was merged.

Mr. Dyer, Dist. Atty., and Mr. Henderson, for the United States.

Mr. Krum et al., for defendants.

MILLER, Circuit Justice, in deciding the demurrer, in substance said: We think the objection, as to the joinder of officials and private persons, is well taken. This difficulty, however, may be avoided by the action of the district attorney. The Revised Statutes clearly make the offence committed by a class of one character, widely different from the same offence, when committed by persons of another character. Section 3169 declares that where the officers of the government conspire to defraud the United States of the internal revenue tax, they shall be sentenced to a dismissal from office; moreover, it prescribes a different and more severe punishment in the way of fine and imprisonment, than section 5440 where a private individual, and not an officer of the government, is the offender, for he is under no such special honorable obliga-

tion to protect the government, though it is, of course, a dishonorable act in anybody to cheat the government.

All the world over, those who have a trust reposed in them, are held to a more rigid accountability than others, and a violation of that trust is punished more severely when committed by them than where no such special trust is reposed. This, then, is a good indictment as against the officers of the government. It is equally a good indictment against those who are not officers; but it is not a good indictment as against both the officers and the others. It is in the power of the district attorney to cure this fault by dismissing the indictment either as to the officers or as to the private individuals; but he can have no trial as to all the parties upon the indictment as it now stands.

District Attorney Dyer: With reference to indictment No. 667, the government will enter a dismissal as to those who are not officers, and proceed against those who are officers. The same offences charged in that indictment as overt acts committed in presence of, and as evidence of the conspiracy on the part of the distillers, form grounds for separate indictments already pending in the district court.

MILLER, Circuit Justice: The district attorney will prepare and file a paper over his own signature to that effect.

As to the question of merger: After having charged the conspiracy against all of these parties to cheat the government in various ways, and having also gone on and specified twenty or thirty distinct acts, each committed by one or by several of these parties, some of which acts are undoubtedly made felonies, the indictment concludes by charging, after all these overt acts are set out and a long history given, that all the defendants did cheat and defraud the government. So that, in fact, there is a charge of conspiracy to cheat and defraud the government, accompanied by a charge that the defendants—all the defendants—did cheat and defraud the government; and it is a fact that the law provides distinctly for the punishment of these two distinct offences. An examination of the authorities, as careful as we have been able to make, leads to a strong inference that the minor offence of misdemeanor may, in certain cases, be merged in the higher offence of felony. Yet it is everywhere conceded that one misdemeanor cannot be merged in another misdemeanor; and this, upon the ground that, by the division of offences into felonies and misdemeanors, the higher grade swallows up the lower—that which constitutes a part of it—and subjects the person that perpetrates it to a more rigorous punishment. The doctrine of merger, therefore, does not apply as between misdemeanors themselves, although one may be a step in the progress of the execution of another. Consequently we hold that this indictment is not subject to the doctrine of merger, and that it is a

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

good indictment, provided that the district attorney avoids the difficulty I have mentioned, by electing to dismiss, either as to the officers, or as to those who are not officers. Ordered accordingly.