UNITED STATES *v.* REICHERT and others.

UNITED STATES *v.* GLOVER and others.

*(Circuit Court, D. California. September 5, 1887.)*

1. CONSPIRACY — AGAINST UNITED STATES — WHAT CONSTITUTES — FRAUDULENT CLAIMS.

Section 5438, Rev. St., so far as it declares that every person who enters into any agreement, combination, or conspiracy to defraud the government of the United States, or any department or officer thereof, by obtaining, or aiding to obtain, the payment or allowance of any false or fraudulent claim, shall be punished without requiring any act in furtherance of the conspiracy, is modified by section 5440, Rev. St., as amended by the act of March 17, 1878, which declares that if two or more persons conspire either to commit any offense against the United States, or to defraud the United States *in any manner, or for any purpose,* and one or more of such parties do any act to effect the

object of the conspiracy, all the parties to such conspiracy shall be liable to the penalty specified; so that a mere conspiracy, without some overt act in execution of it, is not an indictable offense.

2. SAME—INDICTMENT.

An indictment alleging a conspiracy, without alleging the execution of any act to carry it into effect, is therefore fatally defective.

3. SAME—FRAUDULENT CLAIMS—PRESENTMENT TO SURVEYOR GENERAL.

Where an indictment alleges as part of the conspiracy that a false, fictitious, and fraudulent claim was to be presented to the United States surveyor general for allowance and payment, it should also allege that such officer was authorized to allow and approve the claim, and for the omission of this allegation the indictment is defective.

4. SAME—ABBREVIATIONS OF WORDS IN INDICTMENT—TERMS OF SCIENCE OR ART.

In an indictment charging a conspiracy to procure the allowance of a false and fraudulent claim for compensation for a survey of land claimed to have been made by defendant, a description of the property alleged to have been surveyed, and for which the fraudulent claim is charged to have been presented, should be made in ordinary language. Abbreviations of words employed by men of science or in the arts will not answer, without full explanation of their meaning in ordinary language.

After the demurrer to the plea in abatement in the case of *United States* v. *Benson*, 31 Fed. Rep. 896, and several other similar cases, including the above, was sustained, and the defendants ordered to plead to the indictments, the defendants filed a demurrer to the indictments, and the demurrer to the indictment in the above case was argued. The indictments in the other cases (14 in all) are substantially alike, with the exception of the fourth count, hereafter mentioned. Each indictment has four counts. The first count alleges that Theodore Reichert and the other defendants who are named, "heretofore, to-wit, on the seventh day of November, in the year of our Lord one thousand eight hundred and eighty-four, at the city and county of San Francisco, state and district of California, within the jurisdiction of this honorable court, did unlawfully, corruptly, and wickedly conspire, combine, and agree together, and with divers other persons to the said grand jurors unknown, *to commit an offense against the United States,* by knowingly making and causing to be made a false, fictitious, and fraudulent claim upon and against the United States, knowing the same to be false, fictitious, and fraudulent, for the payment to them, and to divers other persons to the said grand jurors unknown, of a large sum of money, to-wit, the sum of one thousand and seventy-two dollars, more or less, which said false, fictitious, and fraudulent claim consisted and was to consist of a certain false, fictitious, and fraudulent survey of certain public lands of the United States, to-wit, the surveying, marking, and establishing the exterior lines of Tps. 4 N., Rs. 21, 22, 23 E.; and Tps. 5 N., Rs. 22 and 23 East M. D. M.,—and in false, fictitious, and fraudulent field-notes of such false, fictitious, and fraudulent survey of said public lands of the United States; and which said false, fictitious, and fraudulent claim upon and against the United States, based upon such false, fictitious, and fraudulent survey and field-notes thereof, was designed and intended to be presented to the United States surveyor general for California, for his allowance and approval, contrary to the form of the statutes of the United States in such

case made and provided, and against the peace and dignity of the United States." The second count is similar to the first, except that it alleges that the conspiracy was to commit an offense against the United States by presenting and causing to be presented a false, fictitious, and fraudulent claim upon and against the United States, etc. The third count alleges a conspiracy *to defraud the United States*, but in other respects is similar to the first count. The fourth count alleges an act committed "in execution and in furtherance and pursuance of said unlawful and corrupt conspiracy," but does not allege what said "unlawful and corrupt conspiracy" was.

The law on which the indictments purport to be founded is in section 5438 and section 5440, as amended, of the Revised Statutes. Section 5438 provides that—

"Every person who enters into any agreement, combination, or conspiracy to defraud the government of the United States, or any department or officer thereof, by obtaining or aiding to obtain the payment or allowance of any false or fraudulent claim, shall be imprisoned at hard labor for not less than one nor more than five years, or fined not less than one thousand or more than five thousand dollars."

Section 5440, as amended by the act of May 17, 1879, provides:

"If two or more persons conspire either to commit any offense against the United States or to defraud the United States in any manner, or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of not more than ten thousand dollars, or to imprisonment for not more than two years, or to both fine and imprisonment, in the discretion of the court." Volume 21, St. p. 4.

*John T. Casey*, U. S. Dist. Atty., for the United States.
*McAllister, Van Duser & Barnes*, for defendants.

On the twenty-ninth of August the court gave its decision on the demurrer, per Mr. Justice FIELD, orally, as follows:

We have had under consideration the demurrers to the several indictments against Reichert *et al.*, for a conspiracy to defraud the United States, or to commit some other offense against the United States, and we have come to the conclusion that all the indictments are fatally defective. The first and second counts in the indictment in the above case allege a conspiracy *to commit an offense against the United States*, but do not allege the performance of any act in furtherance of the conspiracy, or, in the language of the statute, "any act to effect the object of the conspiracy;" nor do they allege that the surveyor general of the United States for California, to whom the alleged fraudulent and fictitious claims were to be presented, was authorized to allow and approve them. The third count in the indictment alleges a conspiracy *to defraud the United States*, but, like the other counts, fails to aver the performance of any act in

furtherance of the conspiracy, or that the United States surveyor general for California was authorized to allow and approve the claim which was to be presented to him. The fourth count alleges the performance of acts in furtherance of the "said unlawful and corrupt conspiracy," but does not set forth what the said conspiracy was. No such direct reference to any one of the preceding counts is made as to bring the conspiracy averred in one of them within the meaning of those terms. *State* v. *Longley*, 10 Ind. 484.

The circuit judge is of opinion that the count is defective only in the last particular stated, namely, that it does not aver authority in the surveyor general to allow and approve the claim which was to be presented to him; and that where the charge is of a conspiracy *to defraud the United States*, by obtaining or aiding to obtain the payment or allowance of a false, fictitious, and fraudulent claim, it is not necessary to aver the performance of any act in furtherance of the conspiracy. In this respect I am unable to agree with him. I am of opinion that section 5440 Rev. St., amended by the act of May 17, 1879, (21 St. 4,) qualifies the provisions of section 5438; and that a conspiracy to defraud the United States, or to commit any other offense against the United States, is not, of itself, an indictable offense, unless the conspiracy be followed by some act in furtherance of it,—that is, to effect its object. Section 5440 applies to conspiracies to defraud the United States *in any manner or for any purpose*, and of course embraces the particular conspiracy mentioned in section 5438,—to defraud the government of the United States by "obtaining or aiding to obtain the payment or allowance of any false or fraudulent claim." As, under section 5440, the conspiracy to defraud must be followed by some act to effect that object, to constitute a public offense, it would seem that, to the extent in which the section differs in that particular from the offense of defrauding the United States mentioned in the preceding section, (5438,) it must be held to qualify and amend that section. Were this not so, we should have a general provision that in case of a conspiracy to defraud the United States *in any manner*, *or for any purpose*, it would be necessary to show the doing of some act to effect its object by one or more of the conspirators, to constitute the offense, with a previous provision that, in case of a conspiracy to defraud the United States *in a specified way*, there would be no necessity of showing any act to carry the conspiracy into effect. Consistency is given to the statute by treating the latter section as qualifying the preceding one. But I agree with the circuit judge that the absence of any averment of authority in the surveyor general to allow and approve the claim which was to be presented to him is, of itself, a fatal defect.

The counts in all the indictments for conspiracies similar to those alleged in the indictment against Reichert are defective in one or more of the grounds stated. The demurrers to all the indictments are therefore sustained.

*The Court.* As the defects in which the indictments are sustained may be avoided upon new indictments, does the district attorney desire the parties to be held for further proceedings?

*The District Attorney.* I ask for an order that the defendants be held to answer to the next grand jury of the circuit.

*The Court.* An order will be entered that they be thus held.

Subsequently, on the fifth of September, the United States district attorney moved for a rehearing in three of the cases, on the alleged ground that the fourth count in the indictment in those cases was not covered by the decision rendered. The fourth count in the indictment against Glover and others (and the fourth count in the other three cases is similar to it) avers:

"That said Glover and the other defendants named heretofore, to-wit, on the nineteenth day of November, in the year of our Lord one thousand eight hundred and eighty-four, at the city and county of San Francisco, state and district of California, and within the jurisdiction of this honorable court, did unlawfully, corruptly, and wickedly conspire, combine, and agree together, and with divers other persons to the said grand jurors unknown, *to defraud the United States,* by presenting and causing to be presented a false, fictitious, and fraudulent claim upon and against the United States, in order to secure the allowance and payment to the said James R. Glover, and to divers other persons to the said grand jurors unknown, of a large sum of money, to-wit, the sum of one hundred dollars, more or less; which said false, fictitious, and fraudulent claim consisted and was to consist of a certain false, fictitious, and fraudulent survey of certain public lands of the United States, to-wit, the survey, marking, and establishing the exterior boundary lines of Tp. 1 S., R. 1 W.; Tp. 1 S., R. 16 W.; Tp. 1 S., R. 17 W.; Tp. 1 N., R. 16 W.; Tp. 1 N., R. 17 W.; Tp. 2 N., R. 16 W.; Tp. 2 N., R. 17 W., S. B. M.,—and in certain false, fictitious, and fraudulent field-notes of such false, fictitious, and fraudulent surveys of the aforesaid public lands of the United States; and which said false, fictitious, and fraudulent claim upon and against the United States was designed and intended to be presented to the United States surveyor general for the state of California, for approval and allowance. And the grand jurors aforesaid, on their oath aforesaid, do further say that the said James R. Glover, in execution and in furtherance and pursuance of the said unlawful, corrupt, and wicked conspiracy, agreement, and combination, as aforesaid, afterwards, to-wit, on the thirteenth day of July, in the year A. D. 1885, did at the state and district of California, before M. F. Reilly, a commissioner of the U. S. circuit court, Ninth circuit, district of California, make, sign, and execute a certain false and corrupt oath, affidavit, and certificate, wherein he, the said James R. Glover, then and there falsely, corruptly, and fraudulently did depose, declare, and certify in substance and effect that he had, in his own proper person, made an actual survey of certain public lands of the United States, to-wit, all those parts or portions of the south, east, and west boundary lines of Tp. 1 S., R. 1 W., of the San Bernardino base and meridian, state of California, and that the field-notes accompanying and to accompany the said false and corrupt oath, affidavit, and certificate were true and correct field-notes of such survey, and that he had marked and established the corner monuments of such survey as required by law, the surveying manual, and surveying instructions. Whereas, in truth and in fact, no such survey had been made, and the said pretended field-notes did not represent a *bona fide* survey, and no such corner monuments had been marked and established, which said false and fraudulent oath, affidavit, and certificate, and which said false, fictitious, and fraudulent field-notes of such pretended survey, were designed and intended to be presented to, and were thereafter presented to, the United States surveyor general for California, for the purpose

of securing the approval, allowance, and payment to the said James R. Glover, and to divers other persons to the said grand jurors unknown, of the aforesaid sum of money, more or less, all in furtherance and execution of the said conspiracy aforesaid. Contrary to the form of the statutes of the United States in such case made and provided, and against the peace and dignity of the United States."

### ON MOTION FOR A REHEARING IN SOME OF THE CASES.

After argument, the court denied the motion; FIELD, J., observing that the count was subject to the objection stated when the decision was made,—namely, that it fails to aver that the surveyor general of the United States for California, to whom the alleged false, fictitious, and fraudulent claim was to be presented, was authorized to allow and approve of it. The court also held that the count was defective in not describing the property in relation to which the alleged false, fictitious, and fraudulent survey was made in intelligible language. An indictment is to be read to the accused unless the reading is waived. The language should therefore be so plain that one of ordinary intelligence can understand its meaning. For that purpose, common words are to be used as descriptive of the matter. Abbreviations of words employed by men of science or in the arts will not answer, without full explanation of their meaning in ordinary language. The use of the initials A. D. to indicate the year of our Lord is an exception because of its universality. Arabic figures and Roman letters have also become indicative of numbers as fully as words written out could be. They are of such general use as to be known of all men. They therefore may be employed in indictments. But the initials here have reference to the public lands as marked on the public surveys; they are signs used in a particular department of public business, and are not matters of general and univeral knowledge by all speakers of the English language. The same objection applies to the initials S. B. M., supposed to denote San Bernardino meridian. There is no averment except in this way that the land alleged to have been surveyed lies in the state of California.

The indictment is also defective in not stating that the accused knew that the claim was false, fictitious, and fraudulent.