Jackson, J.
We do not think either of the two first objections to the indictment sufficient, on which to arrest the judgment.
Every person who appears as a witness, and is duly sworn before a competent court on the trial of an issue there depending, is “ lawfully required to depose the truth.” It is not necessary that it should appear, in an indictment for perjury, whether the witness was compelled to attend by a subpoena, or whether he attended voluntarily; nor whether the false affirmation was made in answer to a specific question put to him, or in the course of his own relation of the facts. In either case, he is equally required by law to depose the truth.
As to the jurisdiction of the justice before whom the oath was taken, it is averred in the indictment, that an issue was duly joined in his court, and came on to be tried before him in due form of law; and that he had competent authority to administer the oath in question. The only objection is, that it is not distinctly averred that the land mentioned in that suit before the justice was within his county. But such an averment is not necessary nor usual. When it is said, that an issue was joined “ in a certain plea of trespass on the case upon promises,” &c., or “in a certain plea of trespass and [*277] assault,” it is never added, that the promises were *made, or the assault committed, within the jurisdiction of the court, *241 The third objection appears to us fatal. As it is not averred that the facts, respecting which the defendant testified, were material on the trial, we cannot consider them so;† unless they clearly appear to be material from the other facts set forth in the indictment. It is stated that the defendant, in the suit referred to, produced two witnesses to swear that Knight cut down the tree in question ; but it is not stated that they testified to that fact, nor even that they were sworn on the trial. The whole averment, therefore, respecting those two witnesses, may be considered as struck out of the indictment. It has no bearing or effect whatever on the case. There is nothing else in the indictment, from which we can infer that the fact testified by the defendant, Knight, was material on the trial.‡

Judgment arrested.

[† Such an averment seema unnecessary under the Revised Statutes of Massachusetts ; for, by c. 128, § 2, it is provided, that, “ If any person, of whom an oath shall be required by law, shall wilfully swear falsely in regard to any matter or thing respecting which such oath is required, such person shall be deemed guilty of peijury — Ed.]

 3 Inst. 167.—Rex vs. Nichol, 1 B. & A. 21.