[In Bank. — August 29, 1883.]

THE PEOPLE, RESPONDENT, *v.* MILLER McNUTT, APPELLANT.

CRIMINAL LAW — BURGLARY — EVIDENCE. — The defendant was accused of burglary committed on the 19th day of November, 1882. Evidence was admitted tending to prove a larceny by the defendant on the 12th day of December, 1882. *Held,* error prejudicial to defendant.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The defendant was charged with the crime of burglary committed on the 19th day of November, 1882, at the city and county of San Francisco, and at the room and building of one Frank Scott. Frank Scott testified that on the 19th day of November, in the night time, a clock, a suit of clothes, a razor, and a few other things, were taken from his room, and gave evidence tending to connect the defendant with the larceny. Mrs. Louisa Scott, wife of Frank Scott, testified that certain jewelry belonging to her was stolen from her room on the 12th day of December, 1882.

*John D. Whaley,* for Appellant, cited *People* v. *Jones,* 31 Cal. 565; *People* v. *Jones,* 32 Cal. 80; *Drake* v. *Foster,* 52 Cal. 225; *People* v. *Tyler,* 36 Cal. 526; *People* v. *Barnes,* 48 Cal. 551; §§ 1868, 1870, Code Civ. Proc.)

*Attorney-General Marshall,* for Respondent.

The evidence of Louisa Scott was not prejudicial. (53 Cal. 491; 42 Ala. 532; 1 Allen, 575; 10 Gray, 173, 177, 179; Wharton's Crim. Law, § 650.)

THORNTON, J.—The evidence of Mrs. Louisa Scott as to the jewelry which she says she lost, and was stolen on the 12th of December, 1882, was clearly inadmissible. It had no proper relevancy to the burglary charged in the indictment, as committed on the 19th of the preceding month.

It is urged that no injury was done to the defendant by the ruling of the court, that it is a case of *error without injury.* We cannot so view it. Evidence tending to prove a larceny by the defendant on the 12th of December, 1882, might well have had an effect on the minds of the jury prejudicial to the defendant.

For this error we think the cause should go back for a new trial.

We find no other error in the record.

Judgment and order reversed and cause remanded for a new trial.

SHARPSTEIN, J., MCKEE, J., ROSS, J., MYRICK, J., and McKINSTRY, J., concurred.