[Crim. No. 415.   In Bank.—May 23, 1899.]

THE PEOPLE, Respondent, v. WALTER DE CARLO, Appellant.

CRIMINAL LAW—PERJURY—SUFFICIENCY OF INFORMATION—JURISDICTION—GENERAL STATEMENT.—Under section 966 of the Penal Code, an information for perjury need only contain a general statement of the jurisdiction of the court over the action in which the perjury was committed, and need not set forth the facts by virtue of which the jurisdiction exists.

ID.—JURISDICTION OF JUSTICE OF THE PEACE—AUTHORITY TO ADMINISTER OATHS—VENUE.—An information showing that the testimony was given under oath before a justice of the peace having authority to administer oaths, in a specified township in the county of the venue, in a criminal case then pending before him upon a complaint charging the defendant with petit larceny, sufficiently shows the jurisdiction of the justice, and need not specifically aver that the larceny was committed within the county.

ID.—QUESTION OF FACT.—Whether the justice had authority to administer the oath in the criminal case then pending before him, upon a charge of larceny committed within the county, is matter of fact to be established by the people at the trial.

ID.—CASE QUALIFIED—OBITER DICTUM.—*People v. Howland* (incorrectly reported as *People v. Howard*), 111 Cal. 655, qualified, and declared to be *obiter dictum*, in so far as intimating that an information for perjury must set forth facts conferring jurisdiction.

ID.—AVERMENT OF MATERIALITY—PROOF.—The averment in the information that the false testimony given by the defendant in the criminal cause pending before the justice of the peace was "material to the issues tendered in said cause," is sufficient, without specifying any particular issue upon which it was material, or showing how the false testimony was material. It need only be proved at the trial that the evidence given by the defendant was in fact material in determining the issue before the justice's court.

ID.—EVIDENCE—CERTIFICATE OF ELECTION OF JUSTICE—PRESUMPTION—VALIDITY OF ELECTION NOT QUESTIONABLE.—The election and qualification of the justice of the peace, and his authority to hear the complaint before him, is sufficiently shown by proof of his certificate of election, which carries with it the presumption that he had complied with the law, and was entitled to hold the office and discharge its duties. The validity of his election, or his right to hold the office, cannot be called in question upon the trial of a charge of perjury alleged to have been committed before him.

APPEAL from a judgment of the Superior Court of Yolo County and from orders denying a new trial and denying a motion in arrest of judgment.    E. E. Gaddis, Judge.

The facts are stated in the opinion of the court.

J. E. Strong, and C. T. Jones, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson, Deputy Attorney General, for Respondent.

HARRISON, J.—The appellant was convicted of perjury, and after the verdict moved for a new trial, which was denied, and then moved in arrest of judgment upon the ground that the facts stated in the information do not constitute a public offense. This motion having been denied, judgment was pronounced against him, from which he has appealed.

The information against the defendant is as follows: "Walter De Carlo is accused by the district attorney of Yolo county, by this information, of the crime of perjury, committed as follows, to wit: That the said Walter De Carlo, on or about the fifteenth day of July, 1897, at Woodland, in the county of Yolo, state of California, then and there being, did, having taken an oath then and there by and before the Honorable A. C. Ruggles, a justice of the peace in and for Woodland township, Yolo county, state of California, duly elected, qualified, and acting, and being entitled under the laws of the state of California to administer oaths in such matters and proceedings, that he would then and there testify truly before said justice of the peace, willfully, unlawfully, and feloniously, and contrary to such oath, state as true (setting forth the testimony given by him); but the said statement so made as aforesaid by said defendant was then and there false and untrue, and was at the time of the making thereof by said defendant known by said defendant to be so false and untrue.

"And said oath was so taken, and said false statement was taken and made in open court and during the pendency and as a part of the evidence in a criminal case then and there pending before said Judge Ruggles, entitled, 'The People of the State of California versus Walter De Carlo,' upon a criminal com-

plaint charging the said Walter De Carlo with petit larceny, and said false statement and oath was then and there material to the issues tendered in said cause; contrary to the form," et cetera.

It is claimed by the appellant that this information is defective in that, as it is not averred in what county the larceny was committed for which the defendant was tried, it does not appear from the information that the justice's court had jurisdiction to try him for the offense; and, further, that it does not show that the alleged false testimony was material to the issues before the court.

Section 966 of the Penal Code is as follows: "In an indictment or information for perjury or subornation of perjury it is sufficient to set forth the substance of the controversy or matter in respect to which the offense was committed, and before whom the oath alleged to be false was taken, and that the court or the person before whom it was taken had authority to administer it, with proper allegations of the falsity of the matter on which the perjury is assigned; but the indictment or information need not set forth the pleadings, record, or proceedings with which the oath is connected, nor the commission or authority of the court or person before whom the perjury was committed."

This section is substantially the same as chapter 11 of the statutes of 23 George II, and is found upon the statute books of nearly every state in the Union, and under these statutes it is invariably held that it is not necessary to set forth in the indictment the facts giving jurisdiction to the court in which the false testimony was given. In *People v. Phelps,* 5 Wend. 16, it is said: "By the English decisions since the statute it is only necessary to state the substance of the offense, the name of the court, a simple averment of the court's authority to administer the oath, and proper averments of the falsity of the defendant's assertions. It was not necessary to set forth the facts which gave jurisdiction to the recorder to administer the oath. . . . . Jurisdiction is sufficiently shown by the averment that the recorder had lawful and competent power and authority to administer the oath. The truth of such averment must appear on the trial." Mr. Bishop in his New Criminal Proced-

ure says (sec. 904) that the averments in an indictment for perjury are of two classes: those which disclose a foundation for the offense—which in pleading is called the inducement, and which includes the name as well as the jurisdiction of the court or person where the offense was committed—and those which charge the offense itself; the former of which may be stated in general terms, while the latter must be direct and specific. This statement corresponds with the language of the above section of the Penal Code wherein it is declared that "it is sufficient to set forth that the person before whom it [the oath] was taken had authority to administer it; . . . . but the information need not 'set forth' the authority of the court or person before whom the perjury was committed." In other words, the general statement of the jurisdiction is sufficient without setting forth the facts by virtue of which it exists.

In *Commonwealth v. Knight*, 12 Mass. 273, 7 Am. Dec. 72, the defendant was convicted of perjury in having sworn falsely in a justice's court upon the trial of an action for trespass upon certain land, and moved for an arrest of judgment upon the ground that it did not appear that the said justice of the peace had any jurisdiction of the cause on trial before him, since it was not stated in the indictment that the land upon which the trespass was committed was within his county. The court said: "Such an averment is not necessary nor usual." In *State v. Newton*, 1 G. Greene, 160, 48 Am. Dec. 367, the indictment charged the defendant with having given false testimony on the trial of an issue before a justice's court, but did not in form allege that the justice's court had jurisdiction of the cause in which the oath was made, the only allegation being that the court had sufficient and competent authority to administer said oath; but it was held that the indictment sufficiently charged the offense. In *State v. Peters*, 42 Tex. 7, the court said: "That it is unnecessary to allege that the justice had jurisdiction by reason of the parties or the subject matter of the suit being within the territory to which his jurisdiction extended is clear, and it has been often so held where the particularity of the former English precedents to which we have adverted is not required." (Citing several cases in support thereof.) In *Lavey v. The Queen*, 17 Q. B. 496, 5 Cox C. C.

269, the defendant was indicted for perjury charged to have been committed at the trial of an action on contract before the county court, but the indictment did not aver that the action was one over which the county court had jurisdiction. It was held by the court in exchequer chamber that, as the indictment expressly averred that an action was pending in that court, presided over by the judge who administered the oath, and that such action was one of contract, a species of action of which that court might have cognizance; that the case came on to be tried before him; that the defendant was examined as a witness upon the hearing, and sworn by the judge; with an averment of competence of authority in the judge to administer the oath, it appeared that the oath was administered in the course of a judicial proceeding, and that by necessary implication it was a proceeding over which the judge who administered it had jurisdiction, for, says the court, "unless he had jurisdiction he could not have had power to administer the oath so as to be valid and binding, which is the true meaning of the phrase." In *Regina v. Dunning,* L. R. 1 C. C. 290, the defendant was convicted of perjury upon an indictment which charged that the offense was committed on the trial at the quarter sessions of "a certain indictment for misdemeanor," but which did not state what the misdemeanor was, or that the quarter sessions had jurisdiction to try it. Upon motion in arrest of judgment, the indictment was held sufficient upon the ground that it appeared therefrom that in a judicial proceeding the defendant swore to the truth of certain facts set forth therein, which at the time of so swearing he knew to be false, and that the court had competent authority to administer the oath. (See, also, *Halleck v. State,* 11 Ohio, 400; *Rex v. Callanan,* 6 Barn. & C. 102.)

The information herein states that the oath was taken in open court before a justice of the peace in a criminal case then pending before him upon a complaint charging the defendant with petit larceny, and that the justice of the peace was then and there entitled under the laws of this state to administer oaths in such matters and proceedings. Complaints for petit larceny are within the jurisdiction of the justice's court; and the averment that the justice before whom the oath was taken

was entitled to administer oaths in such matters and proceedings was a sufficient averment of his authority to administer the oath in this proceeding. If, under the laws of this state, he was entitled to administer the oath to the defendant in the proceeding then pending before him, the proceeding was within his jurisdiction, since otherwise he would not have been entitled under the laws of this state to administer the oath. Whether he did have such authority was a fact to be established by the people at the trial. There is some language in *People v. Howland* (incorrectly reported as *People v. Howard*), 111 Cal. 655, which, taken by itself, may seem at variance with what is above said, but what was said in that case must be read in connection with the matter then before the court. In that case, the defendant had moved at his arraignment to set aside the information upon the ground that he had not been legally committed by a magistrate, and the court was commenting upon the sufficiency of the complaint before the magistrate, and not upon the information upon which he was subsequently tried, and which it is stated in the opinion of the court was sufficient in form. To the extent that the opinion in that case is at variance with what is here said with reference to the sufficiency of an information, it is mere *dictum*, and cannot be regarded as authority.

The objection that the information fails to show that the false testimony given by the defendant was material to any issue by the court is without merit. The averment that it was material to the "issues tendered in said cause" was a sufficient averment of its materiality, without specifying any particular issue upon which it was material. It was not necessary to show by averment in the information how the false testimony was material.

At the trial, the complaint before the justice of the peace was offered in evidence, and it appeared therefrom that the offense was claimed to have been committed in the county of Yolo. The election and the qualification of the justice, and his authority to hear the complaint before him, was sufficiently shown. The issuance to him of a certificate of election carried with it the presumption that he had complied with all the steps required by law for its issuance, and was entitled to hold the office and discharge its duties. The validity of his election or

his right to hold the office could not be called in question by the defendant upon the trial herein. It was also fully shown at the trial that the evidence given by the defendant was material in determining the issue before the justice's court.

The judgment is affirmed.

Garoutte, J., McFarland, J., Temple, J., and Henshaw, J., concurred.