[Crim. No. 884. Department Two.—May 20, 1902.]

## THE PEOPLE, Respondent, v. A. H. CARPENTER, Appellant.

CRIMINAL LAW—SUBORNATION OF PERJURY—INDICTMENT—AVERMENT OF OATH.—An indictment for subornation of perjury, alleging that the suborned witness, "having taken an oath," by and before a justice of the peace, "that he would then and there testify truly," etc., did testify as charged, follows closely the language of the statute, and is equivalent to saying that the witness took the oath and testified as stated, and is not objectionable for not alleging that he was duly sworn in the case pending before the justice of the peace, upon accusation of petit larceny.

ID.—KNOWLEDGE OF FALSITY OF TESTIMONY—POSITIVE AVERMENTS—USE OF WORD "WHEREAS."—Positive allegations of the falsity of the suborned testimony and as to the knowledge of its falsity by the defendant and the suborned witness are not objectionable because following the expression, "Whereas, in truth and in fact." Though the word "whereas" may be used as introductory to a re-cital, it may also be appropriately used, as in this case, to introduce positive allegations.

ID.—AVERMENTS SHOWING JURISDICTION.—Averments that the testimony was given before the justice named, who was described as justice of a particular township in a particular county, and that it was given in open court as a part of the evidence in a criminal case there pending before such justice (giving the title of the case), upon a criminal complaint charging the defendant in the case with petit larceny,

sufficiently describe the case and court referred to, and the jurisdiction of the court over the case.

ID.—EVIDENCE—ADVISING THE WITNESS TO CONCEAL HIMSELF—DISTINCT CRIME.—The crime charged being the suborning of a witness to testify falsely in a criminal case, it was error for the court, over the objections of the defendant, to permit the prosecution to prove that the defendant, prior to the trial of the criminal case, was guilty of the distinct crime of advising the same witness to conceal himself to avoid service of a subpœna, and thus persuading him from attending the trial. Such case is not within any exception to the rule that an indictment for one crime cannot be supported by proof of another.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Edward I. Jones, Judge.

The facts are stated in the opinion.

J. A. Plummer, A. H. Carpenter, and R. W. Dodge, for Appellant.

Tirey L. Ford, Attorney-General, for Respondent.

SMITH, C.—The defendant was convicted of the crime of subornation of perjury and sentenced to imprisonment in the state prison for the term of five years. Numerous points are urged by the appellant, but we deem it sufficient to consider only certain objections made to the sufficiency of the indictment and to the admission of evidence.

The indictment we think is sufficient. One of the objections to it is, that it is not directly alleged that Stennett, the witness alleged to have been suborned, was duly sworn in the case of People *v.* Ennis, in which the perjured evidence is alleged to have been given. The actual allegation is that "Stennett . . . having taken an oath . . . by and before the Hon. Albert C. Packer, a justice of the peace, etc., that he would then and there testify truly," etc., did testify as charged. This allegation follows very closely the language of the statute, and is, we think, sufficient. (Pen. Code, secs. 118, 959.) Grammatically speaking, it is precisely equivalent to saying that the witness "took the oath and testified" as stated; and we can see no objection to it in point of law.

Other objections are, that it is not alleged that the statement testified to by the defendant was false, or that he knew

it was false, or that the defendant knew it was false, or that he knew that Stennett knew it was false, etc. All these allegations are in fact made with extreme particularity; but the specific objection to them is, that they follow the expression, "Whereas, in truth and in fact"; from which it is inferred that they are made merely by way of recital. But this is not the case. The word *"whereas"* may indeed be used as introductory to a recital, but it may also be used, as in this case, to introduce positive allegations; for which, indeed, it is technically appropriate. (2 Wharton's Precedents of Indictments, No. 577, p. 11 *ad fin.*)

Finally, it is objected that there is a lack of allegations to show that the alleged perjured testimony was given in a case pending in a court having jurisdiction. But it is alleged that the testimony was given before the justice named,—who is described as justice of Stockton Township in the county of San Joaquin,—and that it was given "in open court, and during the pendency, and as a part of the evidence in a criminal case there pending before [the justice named], entitled 'The People of the State of California *v.* Arthur Ennis, defendant, upon a criminal complaint charging the said Arthur Ennis with petit larceny' "; which sufficiently describes the case and the court referred to and the jurisdiction of the latter. (Pen. Code, sec. 962.)

The crime charged against the defendant was that of suborning Stennett to testify falsely in the case of People *v.* Ennis. But the prosecution was permitted, over repeated objections of the defendant, to introduce witnesses and other evidence tending to prove that the defendant, prior to the trial in the case referred to, was guilty of the crime of advising the same witness to conceal himself for the purpose of avoiding the service of a subpœna, and thus of persuading him from attending upon the trial. (Pen. Code, sec. 136.) This, we think, was error. "Nothing is better settled or more rational than that an indictment for one crime cannot be supported by proof of another." (*People* v. *Perazzo,* 64 Cal. 106; *People* v. *McNutt,* 64 Cal. 116; *People* v. *Barnes,* 48 Cal. 551; *People* v. *Hartman,* 62 Cal. 562.) There are exceptions to the rule in cases where the intent or guilty knowledge is an element to be established, as in the case of uttering forged bills, etc.; but the case here does not come within these excep-

tions. (*People* v. *Smith,* 106 Cal. 81; *People* v. *Gray,* 66 Cal. 271.) For this error we advise that the judgment and order appealed from be reversed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

Henshaw, J., McFarland, J., Temple, J.

Hearing in Bank denied.