[Crim. No. 1179. First Appellate District, Division Two.—February 11, 1925.]

## THE PEOPLE, Respondent, v. CHARLES E. PADEN, Appellant.

[1] CRIMINAL LAW — PERJURY — INDICTMENT — PLEADING.—An indictment charging that the offense of perjury was committed by false swearing in an action between designated parties, which action was numbered 13,171 of the records of the superior court of a particular county, and in which action the defendant therein was charged with a felony, to wit, obtaining money under false pretenses, was sufficient without stating that the defendant was sworn in a criminal proceeding in which the defendant was charged with "obtaining money by · false and fraudulent pretenses, knowingly and designedly made with intent to defraud."

[2] ID.—PERJURY—JURISDICTION—PLEADING.—In an indictment for perjury, a general statement of the jurisdiction of the court where the perjury is said to have been committed is sufficient without setting forth the facts by virtue of which jurisdiction exists.

[3] ID.—CONVICTION OF FELONY—STATEMENT OF FACT—PERJURY.— Whether or not a man has been convicted of a felony is a statement of fact and is recognized as such by section 2065 of the Code of Civil Procedure; and a perjury charge may be predi-

---

1. Indictments for perjury, note, 124 Am. St. Rep. 654. See, also, 20 Cal. Jur. 1015.

3. See 21 R. C. L. 259; 20 Cal. Jur. 1014.

cated upon the statement of a defendant in a criminal trial that he has never been convicted of a felony.

[4] Id.—Perjury—Conviction of Felony—Evidence.—In a prosecution for perjury predicated upon the statement of defendant in a former trial that he had never been convicted of a felony, the trial court properly sustained an objection to a question asked of defendant by his counsel inquiring why defendant had not brought witnesses to the trial who could testify to his claim that his prior conviction in the federal court of the crime of embezzlement was a "sham" conviction which was resorted to so as to place defendant within the walls of the federal prison at Leavenworth as an investigator for the department of justice, where before the trial of the action defendant made a motion to take depositions of persons in certain eastern cities to sustain his said claim and such motion was denied, and it must be assumed, in view of the fact that the record is silent as to the proceedings upon the hearing of that motion, that no proper showing was made for the granting of the same.

[5] Id.—Verdict—Evidence.—In such prosecution, the evidence was sufficient to warrant a conviction of defendant.

[6] Id.—Testimony Relating to Prior Conviction—Materiality of.—Testimony relating to a prior conviction of a felony is recognized as material by sections 2051 and 2065 of the Code of Civil Procedure.

(1) 30 **Cyc.**, p. 1428, n. 27.   (2) 30 **Cyc.**, p. 1429, n. 34.   (3) 30 **Cyc.**, p. 1405, n. 36.   (4) 16 **C. J.**, p. 572, n. 27 New; 17 **C. J.**, p. 213, n. 30.   (5) 30 **Cyc.**, p. 1448, n. 64.   (6) 30 **Cyc.**, p. 1421, n. 74.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Harold Louderback, Judge. Affirmed.

The facts are stated in the opinion of the court.

Walter F. Lynch and G. Edward Lyon for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment of conviction of a felony, to wit, perjury.

[1] The first attack is upon the sufficiency of the indictment. It charges that the offense was committed by false swearing in an action in which the plaintiff was the People of

California and the defendant was Charles Paden, which action was numbered 13,171 of the records of the superior court of the state of California, in and for the city and county of San Francisco, and in which action the defendant therein was charged with a felony, to wit, obtaining money under false pretenses. Appellant's position is that the indictment in the perjury case should have stated that defendant was sworn in a criminal proceeding in which the defendant was charged with "obtaining money by false and fraudulent pretenses, knowingly and designedly made with intent to defraud," instead of defining the offense as "obtaining money under false pretenses." The objection is without merit. The case of *People* v. *Ah Bean,* 77 Cal. 12 [18 Pac. 815], considers an indictment for perjury under the provisions of section 966 of the Penal Code, and holds that the designation by name of the action involving the controversy with respect to which the perjury was committed is sufficient, the court saying: "The controversy in respect to which the offense was committed in this case was the case of *People* v. *Martine.*" To the same effect are the cases of *People* v. *DeCarlo,* 124 Cal. 462 [57 Pac. 383], and *People* v. *Carpenter,* 136 Cal. 391 [68 Pac. 1027].

[2] It is also urged that the indictment is faulty because it fails to aver that the court where the perjury is said to have been committed had jurisdiction, inasmuch as it is not shown whether the property claimed to have been obtained by false pretenses was obtained in the city and county of San Francisco. This objection is answered by the case of *People* v. *DeCarlo, supra,* which holds that "the general statement of the jurisdiction is sufficient without setting forth the facts by virtue of which it exists." The case of *People* v. *Carpenter* is to the same effect.

The other objections to the indictment do not require consideration, as the indictment before us meets the requirements of section 966 of the Penal Code and the aforementioned decisions construing said section.

[3] The perjury charge is predicated upon the statement of defendant in the former trial that he had never been convicted of a felony and it is contended upon appeal that this statement is a conclusion of law and not a statement of fact and that perjury cannot be predicated upon a statement of an opinion or a conclusion. Whether or not a man

has been convicted of a felony is a statement of fact and is recognized as such by section 2065 of the Code of Civil Procedure. We see no merit in this objection.

[4] It is contended that error was committed in sustaining an objection to a question asked of defendant by his counsel, as follows: "Why did you not bring these witnesses here who could testify to that?" The word "that" in this question referred to the defendant's claim that his prior conviction in the federal court of the crime of embezzlement was a "sham" conviction which was resorted to so as to place defendant within the walls of the federal prison at Leavenworth as an investigator for the department of justice. We think the objection to the question, that it was incompetent, irrelevant, and immaterial, was properly sustained under the facts of this case. Before the trial of this action the defendant made a motion to take depositions of persons in Washington, D. C., Wichita, Leavenworth, and Arkansas City, Kansas, to sustain his defense and such motion was denied. The record is silent as to the proceedings upon the hearing of that motion and we must assume in support of the action of the trial court that no proper showing was made for the granting of the same. No point is made by the appellant that this ruling was not correct, and we must assume that if the defendant had made a proper showing he would have been permitted to take the depositions. Since he did not do so, it is quite immaterial why he did not bring the witnesses to California.

[5] It is contended that the evidence is insufficient to warrant a conviction in this case. We cannot agree with the appellant in this contention. The conviction in this case is supported by the testimony of several witnesses, by the admissions of appellant and by the judgment-roll in the action in which he was convicted of embezzlement in the United States district court.

[6] It is also urged that there is no sufficient showing of the materiality of the testimony alleged to have been false. Such testimony is recognized as material by sections 2051 and 2065 of the Code of Civil Procedure.

There are no other matters which require consideration and the judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.