Filed 6/27/22  P. v. McNamara CA1/1
Reposting correct version
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>KYLE MATHEW MCNAMARA,<br><br>    Defendant and Respondent. | A162828<br><br>(Mendocino County Super. Ct. No. SCUK-CRCR-2020-36934-001) |

The People appeal from a trial court order denying their motion to reinstate a charge of perjury against defendant Kyle Mathew McNamara. We affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

On November 6, 2020, McNamara was arrested for driving under the influence (DUI).  The arresting officer drove McNamara to a friend's house and issued a citation.[1]  McNamara signed the citation, thereby agreeing, "without admitting guilt," to appear at an arraignment on December 8, 2020. (Boldface and capitalization omitted.)

---

[1] McNamara was cited under Vehicle Code section 23152, subdivisions (a) and (b).  All subsequent citations are to the Penal Code unless otherwise indicated.

1

Ten days after his arrest, but before the DUI arraignment, McNamara sought to terminate his probation in two separate misdemeanor cases. In an accompanying handwritten declaration, which he signed under penalty of perjury, McNamara stated he had "had no trouble with the law in the last 2 years 9 months or problems with probation."

After McNamara was arraigned on the DUI charges, the Mendocino County District Attorney charged him with perjury, a felony, based on the theory that the declaration's statement that he had "had no trouble with the law" in almost three years was false.[2] A preliminary hearing on the perjury charge was held in May 2021. The officer who arrested McNamara for the DUI testified, and a copy of the citation was introduced into evidence. The officer testified that, while he could not recall the exact language he used, he advised McNamara that signing the citation "was not an admission of guilt" and "he ha[d] not been charged at that time." In response to a defense question whether the officer told McNamara that "he was not in any trouble," the officer answered: "Verbatim, I do not remember." The magistrate also took judicial notice of the files in the two cases in which McNamara had sought to terminate his probation.[3]

At the conclusion of the preliminary hearing, the magistrate dismissed the perjury charge. After observing that one of perjury's elements is that "the defendant willfully stated that information was true, even though he knew it was false," the magistrate continued, "Now, in interpreting that, the Court is going to make the following factual finding. It doesn't appear to me that

---

[2] The perjury charge was brought under section 118, subdivision (a).

[3] The files in the two misdemeanor cases are not part of the record before us. The record does not reveal if McNamara's request to terminate probation was contested, but the People represented below that it was granted on November 23, 2020.

2

[McNamara] knew the information in his declaration was false. [¶] He was given a—he signed a citation indicating that he is not admitting guilt, and that he is just simply agreeing to appear in court. [¶] He's presumed innocent, so it's a reasonable interpretation of his statement to believe that he's not in trouble with the law. [¶] He hasn't been convicted." The magistrate opined that "this is a hyper-technical prosecution for perjury" and dismissed the charge based on the lack of evidence that McNamara knew the statement was false.

The People then filed a motion in the trial court to reinstate the charge. The motion was denied, and this appeal followed.

II.

DISCUSSION

A.     *General Legal Standards*

Preliminary hearings are presided over by magistrates.[4] (See Cal. Const., art. I, § 14; § 739.) "A magistrate's function at a felony preliminary hearing is to determine whether there is 'sufficient cause' to believe [the] defendant guilty of the charged offense. (§§ 871, 872, subd. (a).) 'Sufficient cause' means ' "reasonable and probable cause" ' or 'a state of facts as would lead a [person] of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused.' " (*People v. Abelino* (2021) 62 Cal.App.5th 563, 573 (*Abelino*).)

" 'Within the framework of [the magistrate's] limited role, . . . the magistrate may weigh the evidence, resolve conflicts, and give or withhold

---

[4] Magistrates have limited powers conferred mostly by statute. " '[A] superior [court] judge, when sitting as a magistrate, possesses no other or greater powers than are possessed by any other officer exercising the functions of a magistrate.' " (*People v. Richardson* (2007) 156 Cal.App.4th 574, 584.)

credence to particular witnesses.' " (*People v. Slaughter* (1984) 35 Cal.3d 629, 637.) But "the magistrate is not a trier of fact. [The magistrate] does not decide whether [the] defendant committed the crime, but only whether there is ' "some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it." ' [Citation.] If the record shows strong and credible evidence of [the] defendant's guilt, the magistrate may reasonably assume the possibility of [the defendant's] guilt. Thus in many cases [the magistrate] will not find it necessary to resolve all conflicts in the evidence, in order to find probable cause to hold the defendant for trial. The magistrate's power to decide factual disputes exists to assist . . . [the] determination of sufficient cause [citation]; if [the magistrate] can determine that issue without resolving factual conflicts, [the magistrate] may do so." (*Id.* at pp. 637–638.)

When a magistrate dismisses a charge after the preliminary hearing, the prosecution may file a motion before the trial court to reinstate it. (§ 871.5, subd. (a).) If the motion is denied, the People may appeal the ruling. (§ 871.5, subd. (f).) On appeal, we disregard the trial court's ruling and review the magistrate's ruling. (*Abelino, supra,* 62 Cal.App.5th at p. 574.)

The standard we use to review the magistrate's ruling depends on whether the ruling turned on a factual or legal determination. "In the context of dismissal of charges at a preliminary hearing, a court makes a factual finding when, *after resolving evidentiary disputes and/or assessing witnesses' credibility,* it determines there is no evidentiary support for one or more elements of a charge. Conversely, a court makes a legal conclusion when it accepts the prosecution's evidence, but determines there is insufficient evidentiary support for one or more elements of a charge." (*People v. Rowe* (2014) 225 Cal.App.4th 310, 318 (*Rowe*), italics added.) We

4

review factual findings for substantial evidence and legal conclusions de novo. (*People v. Slaughter, supra,* 35 Cal.3d at p. 638.)

  B. *The Magistrate Properly Dismissed the Perjury Charge Because Probable Cause Was Not Shown as a Matter of Law.*

  In relevant part, section 118 provides that "[e]very person who . . . declares . . . under penalty of perjury . . . and willfully states as true any material matter which [the person] knows to be false . . . is guilty of perjury." (§ 118, subd. (a).) A false statement is "material" in the context of a judicial proceeding if it could have influenced the outcome. (*People v. Hedgecock* (1990) 51 Cal.3d 395, 404–405.) The crime requires proof that the defendant knew the statement was false and had "the specific intent to declare falsely under oath or penalty of perjury." (*People v. Viniegra* (1982) 130 Cal.App.3d 577, 584, italics omitted; *People v. Hagen* (1998) 19 Cal.4th 652, 663; see CALCRIM No. 2640.)

  As we have said, in dismissing the perjury charge the magistrate stated it made "the following factual finding. It doesn't appear to me that [McNamara] knew the information in his declaration was false. [¶] He . . . signed a citation indicating that he is not admitting guilt, and that he is just simply agreeing to appear in court."

  The People argue that the magistrate's determination amounted to a legal conclusion that must be reversed. In the alternative, they argue that, even if the determination is construed as a factual finding, it must be rejected because it was unsupported by substantial evidence. McNamara responds that the determination was factual and, regardless, must be upheld under any standard of review. We agree with the People that the magistrate's determination was tantamount to a legal conclusion. But we agree with McNamara that in light of the uncontroverted evidence, the People failed as a matter of law to establish probable cause for the perjury charge.

5

"[D]etermining whether the magistrate made a prohibitive factual finding is not always clear cut." (*Abelino, supra*, 62 Cal.App.5th at p. 575; see *People v. Superior Court (Valenzuela)* (2021) 73 Cal.App.5th 485, 497 [distinction does not depend on " ' "magic words" ' "]; *People v. Superior Court (Day)* (1985) 174 Cal.App.3d 1008, 1015 [distinction "is clear enough in the abstract, but has posed some difficulty in its practical implementation"].) But as we have said, a magistrate makes a factual finding when it determines there is no evidentiary support for one or more elements of a charge after resolving evidentiary disputes or assessing witnesses' credibility. (*Rowe, supra,* 225 Cal.App.4th at p. 318.) The magistrate here neither resolved evidentiary disputes nor assessed the credibility of witnesses.

The evidence presented to the magistrate was not disputed. It was uncontested that McNamara stated in his declaration that he had "had no trouble with the law" for the past few years. And it was undisputed that at the time of the statement he had been cited for, but not charged with or convicted of, DUI. It was in this context that the magistrate determined that "a reasonable interpretation of [McNamara's] statement" was that McNamara "believe[d] that he[ was] not in trouble with the law." Although the magistrate couched the comment in factual terms—i.e., a statement about what McNamara believed—the magistrate's ultimate determination is more properly characterized as a legal conclusion, because it accepted all of the prosecutor's evidence and deemed it insufficient to support the charge. (See *Rowe, supra*, 225 Cal.App.4th at p. 318; see also *People v. Superior Court (Valenzuela), supra*, 73 Cal.App.5th at pp. 496–497.)

We agree with the magistrate that the evidence was insufficient as a matter of law to establish probable cause to believe that McNamara willfully made a statement he knew was false. The statement, given its undisputed

6

context, was both vague (in the sense that people of ordinary intelligence have to guess at its meaning) and ambiguous (in the sense that the phrase could have multiple meanings). (See, e.g., *People v. French* (1933) 134 Cal.App. 694, 699–700 [defendant's statement that he was " 'in need of assistance' " could not constitute perjury because it was not a clear "statement of fact"].) To some people, "trouble" as used in McNamara's statement might mean *any* contact with the police, regardless of whether the contact resulted in an arrest, citation, charge, or conviction. To others, it might mean any contact with the police that resulted in criminal charges being filed. And to still others, it might mean interactions with the police that resulted in a conviction and sentence. No person of ordinary caution or prudence could reasonably infer that a person who was issued a citation, told he was not admitting guilt, was not charged, and was presumed innocent, willfully lied by thereafter claiming not to have been in trouble with the law.

We might have reached a different decision had McNamara stated in his declaration that he had not been cited by the police, had not been stopped by the police, or had not had any contact, encounter, or interaction with the police. And we might have reached a different decision if at the time of the statement McNamara had already been charged with, or convicted of, the DUI or another crime. (See, e.g., *People v. Paden* (1925) 71 Cal.App. 247, 249–250 [perjury conviction upheld where defendant falsely testified he had never been convicted of a felony].) In other words, we do not conclude that the statement that one has "had no trouble with the law" can *never* support a perjury charge. Here, however, McNamara's statement, in the uncontroverted context in which it was made, would not lead a person of ordinary caution or prudence to reasonably believe and conscientiously

7

entertain a strong suspicion that he was guilty of perjury.[5]  (See *Abelino,*
*supra,* 62 Cal.App.5th at p. 573.)

### III.
#### DISPOSITION

The order denying the People's motion to reinstate the perjury charge
is affirmed.

---

[5]  In light of our holding, we need not address McNamara's argument
that the magistrate's determination was correct as a matter of law because
his statement was "fundamentally ambiguous" under federal standards.  (See
*United States v. Camper* (9th Cir. 2004) 384 F.3d 1073, 1076; *United States v.*
*Culliton* (9th Cir. 2003) 328 F.3d 1074, 1078.)

_____

Humes, P.J.


WE CONCUR:



_____

Margulies, J.



_____

Wiss, J. *




*Judge of the Superior Court of the City and County of San Francisco, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


*People v. McNamara*  A162828